*NEW-YORK,*
*May, 1832.*

Osborne
v.
Lawrence.

---

### Osborne *vs.* Lawrence.

Where a party entered into an agreement, to *give a contract* for a certain lot of land at $4 per acre, and no *time* was specified *when* the contract was to be delivered, nor *when*, or in what manner the consideration was to be paid or secured, nor was the quantity of acres contained in the lot mentioned in the agreement, *it was held*, that in an action for the non-delivery of the contract, the plaintiff must supply the deficiencies in the agreement by proper averments in his declaration.

Where a contract in its *terms* is defective, it should be declared on according to its *legal effect.*

Where *time* for the performance of a promise is not specified in an agreement, it should be averred that it was to be done *upon request*, or *within a reasonable time*, and that such request had been made, or reasonable time elapsed, when performance was required.

Reasonable time or not, is a question for the jury, under the direction of the court.

DEMURRER to declaration. The plaintiff in his first count declares on a *written agreement*, bearing date 7th June, 1826,

by which the defendant, for and in consideration of $255 in value received, promised to *contract* to the plaintiff a certain lot of land, at $4 per acre, and to endorse on the contract the said sum of $255; the lot is described as situate in the town of Lyme, in the county of Jefferson, as beginning at the corner of a certain lot, and certain courses and distances are given, but the description is not such as to enable the quantity of land to be ascertained by computation—concluding "to contain 100 acres, be the same more or less." The plaintiff *avers* that at the time of the making of the agreement, he paid the sum of $255 expressed therein, and relying upon the promise of the defendant, he did afterwards, on the 13th June, 1826, pay to him the further sum of $115, for and towards the purchase money of the land; that he hath always been ready and willing to receive *a contract* for the lot, and to pay for the same at the rate of $4 per acre, according to the tenor, &c. of the agreement; that on the 1st October, 1827, at, &c. he applied to the defendant, and requested him to perform the agreement on his part, and to give to him, the plaintiff, a contract for the lot according to the tenor, &c., and he, the plaintiff, at the same time offered to perform the agreement on his part, and to pay the balance which should be due for the lot; stating for breach, that the defendant has *wholly refused to give the contract* specified in the agreement, and that on the 26th June, 1826, he *sold and conveyed* the land in fee simple to a third person, and although often requested, hath refused to *give such contract,* or to *refund the money* paid by the plaintiff. The second and third counts are on the same written agreement, and are substantially like the first. The *fourth count* is general for money lent, paid, had and received, &c. To the three first counts, the defendant *demurs,* and assigns as special causes of demurrer, the following: 1. That the plaintiff hath not set forth sufficiently the *terms* or *effect* of the contract alleged to have been made; as, *when* or *where* it was to be delivered, the terms of payment, as to time, place and security, the number of acres contained in the lot, the amount of the purchase money, nor the estate or interest to be conveyed. 2. That it is not alleged that the plaintiff hath paid, or tendered the full amount of the consideration or purchase money, or that he was to have credit for any part

of it, or that he hath at any particular time or place, been ready to pay any sum of money whatever, as and for the balance, &c. 3. That it is not alleged that the plaintiff ever presented or tendered to the defendant for execution, any instrument or *form of contract* corresponding with the true intent and meaning of the supposed agreement, or that he ever demanded or offered to receive any contract whatsoever for the land; and that it does not appear how such contract should or might be drawn, in order to a just and full compliance with the stipulations of the agreement.

NEW-YORK,
May, 1832.

Osborne
v.
Lawrence.

*Greene C. Bronson,* (attorney-general,) for the defendant.

*J. Edwards,* for the plaintiff.

*By the Court,* Sutherland, J. The agreement as stated in the first count, which is the least imperfect of the three first counts, does not specify *when* or *where* the contract to be given by the defendant was to be delivered, nor when, nor in what manner the balance of the consideration money was to be paid or secured, and it leaves the quantity of acres in the lot uncertain, and of course the balance of the purchase money to be paid. Nor does it specify the estate or interest which the defendant was bound to convey. The contract in its terms being defective in these respects, the plaintiff should have declared on it according to its *legal effect,* and supplied the deficiency by proper averments. It is not always sufficient to state the contract as it was in fact expresssd. *Lawes on Plead.* 78, 80. *4 T. R.* 314. The *time* when a promise is to be performed is always material, and must be stated according to the truth, and proved as stated—whether it be upon the request of the plaintiff, or on a particular day, or in a reasonable time. *Lawes,* 99, 107. No time for the delivery of the contract in this case having been specified in the agreement, the plaintiff should have averred that it was to be done either upon request, or within a reasonable time, such being the legal effect of the agreement, and that such reasonable time had elapsed when the contract was demanded. *Lawes,* 232 *to* 239,

NEW-YORK, Upon demurrer, and particularly a special demurrer like this,
May, 1832. these objections are fatal, though some of them perhaps would
have been cured by a verdict. Reasonable time or not is a
question of fact for the jury, under the direction of the court.

It is unnecessary to express an opinion upon the question,
whether the averment of the readiness and offer of the plain-
tiff to perform the agreement on his part, and to pay the
balance that should be due is sufficient, or whether a formal
tender should have been averred, as the aspect of the case
in this respect may be varied by the contract as it may be
stated in the amended declaration.

Judgment for defendant on demurrer, with leave to plain-
to amend, on payment of costs.