De La F. Roysdon *against* John Sumner.

Error *to Chicot Circuit Court.*

In declaring upon a covenant, it is not necessary to set out the exact words of the agreement, but only to state its legal effect, according to its true meaning and intention.

Whenever a covenant is in its terms defective, it ought to be set out according to its legal consequences.

Where a client covenanted with an attorney that he would pay him a certain sum in case he (the client) should gain a certain suit, in which he had employed the attorney, the declaration on the covenant properly stated the covenant to be that the client would pay that sum in case the attorney gained the suit; and an averment that the attorney did gain the suit for his client, is a sufficient averment of the condition precedent to the payment.

This was an action of covenant, upon certain articles of agreement, by which Sumner agreed and covenanted, that whereas he had employed Roysdon, as an attorney, to defend him in the case of Wm. L. Baldwin against him, brought in Chicot Circuit Court, for a certain negro girl Lizza, purchased by him of James Gray; "in which case I am to pay him, the said Roysdon, the sum of one hundred and fifty dollars, *if I gain the said suit*," &c.

The declaration avers that Sumner by his covenant, covenanted to pay Roysdon the sum of $150, "*provided said plaintiff gained* a suit in which said defendant employed said plaintiff as an attorney," &c., describing the suit as in the covenant. And the declaration avers, that said Roysdon *gained said suit or case* for said Sumner, as said Sumner employed him to do, and that he is entitled to said sum, as will appear by reference to said agreement, and the records of said court in the case, which is, and has been long determined, and which sum has been long since due.

After oyer, the defendant demurred, for variance, on the ground that the covenant showed that the money was to be paid in case *Sumner* gained the suit; and the declaration stated that it was in case *Roysdon* gained the suit; and that the declaration only averred that *Roysdon*, not *Sumner*, gained the suit. The court below sustained the demurrer, and rendered final judgment against the plaintiff.

PIKE, for plaintiff in error:

In suing upon a covenant, it is only necessary to state it according to its legal effect, and it is never necessary to set out the covenant in its exact words. *Grannis vs. Clark*, 8 *Cow.* 36; and whenever a contract in its terms is defective, it *should* be out according to its legal effect. *Osborne vs. Lawrence*, 9 *Wend.* 135; 1 *Ch. Pl.* 302, 303.

In *Lunt vs. Padelford*, 10 *Mass.* 230, the declaration stated that a writ of execution, in favor of the plaintiff, against one Barney, was in the hands of the Sheriff, which Barney could not satisfy, and that Padelford, by his note in writing promised the plaintiffs that if they would delay the execution, Barney should at a certain day pay or surrender himself, and that if he did not, he Padelford would pay it.

The written contract stated the execution, &c., and that Padelford promised (without saying to whom) that " if said execution could be delayed," &c. The court held that this proof sustained the declaration. *Bristow vs. Wright, Douglas*, 667; *Thursby vs. Plant*, 1 *Saund.* 235, *c. n.* 9.

This principle is so perfectly well settled, that it requires no long quotation of authorities to establish or prove it. If, therefore, the plaintiff, in declaring upon a covenant, states any part of it, not in the words of the covenant, but in any other words or manner which in law or in the common acceptation of language, amount to the same thing, it is sufficient. Thus if the covenant is that A. will pay by his agent, it is sufficient to state a covenant that A. himself will pay.

In this case there is a condition precedent fixed by the covenant, and to be stated in the declaration. That condition precedent is, if the covenantor, client of the covenantee, should gain a certain suit. The declaration states the condition precedent to be, if the covenantee, being the attorney of the covenantor, should gain the suit; and avers that he did gain it for the covenantor.

Now what is the legal effect of the condition precedent in the covenant. " If Sumner should gain the suit," is the expression. Is that all which is meant by, or included in it? The amount to be paid Roysdon was a fee. Was he to receive that fee if Sumner gained the suit, whether he attended to the case or not? Was he to receive it if he failed to attend to the case, and Sumner gained it

by employing another attorney? Unquestionably not. The expression therefore means, and such is its legal effect, and none else, that Sumner would pay the fee, if, by Roysdon's attention to the case, he Sumner should gain it—in other words, if Roysdon should gain it for him. Suppose the averment of performance of the condition precedent, had merely been, that Sumner did gain the suit? Would it have been sufficient? We do not believe that it would. The condition precedent here involved something to be done, some service to be rendered by Roysdon to Sumner. A benefit to Sumner was provided for, to be sure—but a *benefit* to arise out of Roysdon's acts and services. If such an averment of performance would be good, without stating any act to have been done by Roysdon at all—merely stating the benefit to Sumner, but not the agency of Roysdon in working that benefit, we are mistaken. And if it would be good, still, beyond a doubt, Sumner could reply that, true he gained the suit, but without Roysdon's assistance, and by employing other counsel.

It is perfectly manifest, therefore, that, in order to state the condition precedent according to its legal effect, the rules of correct pleading required Roysdon to state, not only that the suit was to be gained, but that it was to be gained by his exertions and services: in other words, that *he* was to gain the suit for Sumner: and in averring a performance of the same condition, it was absolutely necessary to aver, what is here averred; that *he* gained the suit for Sumner.

The court below said that there might be a vast difference between the gaining of the suit by Roysdon, and the gaining of it by Sumner. Certainly, for Sumner might gain it without Roysdon's aid—whereas as the declaration and covenant both show, Roysdon had no interest in the suit as a party, and therefore could not gain it, without gaining it for Sumner. The very reason, therefore, assigned by the court for sustaining the demurrer, should have induced a decision diametrically opposite. The declaration being undoubtedly good, the demurrer should have been overruled.

TRAPNALL & COCKE, *Contra:*

DICKINSON, *Judge*, delivered the opinion of the court:

In declaring upon a covenant, it is not necessary to set out the exact words of the agreement, but only to state its legal effect according to its true meaning and intention. Whenever a covenant is in its terms defective, it ought to be set out according to its legal consequences. *Grannis vs. Clark*, 8 *Cowen* 35; *Osborne vs. Lawrence*, 9 *Wend.* 135; 1 *Ch. Pl.* 302–3; *Lunt vs. Padelford*, 10 *Mass. Rep.* 320; *Gaster vs. Ashley*, 1 *Ark.* 325. The principle is so well settled that it is unnecessary to say any thing further in defence of it. The breaches are properly assigned in the declaration, for they aver the only facts upon which the defendant's liability accrued. The covenant contains two conditions. The one was precedent upon the other. The plaintiff was employed as attorney to attend to a suit in which the defendant was interested, and he was to receive one hundred and fifty dollars provided the defendant succeeded in the action.

The reception of his fee was made to depend upon a condition precedent, which was, that he would, with due care and diligence, attend to the suit as such attorney. This fact he has averred, and then adds, that he has gained the suit for the defendant. He had no interest in the suit, except the interest of his client as an attorney, and the allegation that he gained the suit for the defendant, is equivalent to averring that the defendant gained it. For this declaration shows that he gained it not for himself, but for the defendant; and therefore, the defendant's liability to pay him one hundred and fifty dollars became fixed by the performance of this precedent condition.

The judgment of the court below must therefore be reversed, with costs.