THOMAS J. POPE et al., Respondents, *v.* THE TERRE HAUTE CAR AND MANUFACTURING COMPANY, Appellant.

Where an executory contract for the sale of goods contains no provision as to the time when delivery is to be made by the vendor, its legal effect is an agreement to deliver within a reasonable time, and in an action brought by him against the purchaser for failure of the latter to perform, where by the terms of the contract payment is to be made upon delivery, plaintiff must allege in his complaint and prove upon the trial performance or offer to perform on his part within a reasonable time.

Where the complaint in such an action omitted to allege a tender of the goods in a reasonable time, and upon motion to dismiss the complaint because of the omission, plaintiffs did not offer to amend and no amendment was made at any stage of the trial or proof given showing that the tender was in a reasonable time. *Held,* that the denial of the motion was error, requiring a reversal.

Also, *held,* the defect in the complaint was not waived by the failure to take the objection by demurrer or answer. (Code of Civil Pro. § 499.)

(Argued June 30, 1887; decided October 4, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 27, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for an alleged breach of a contract of purchase and sale.

The complaint alleged, in substance, that plaintiff, under the firm name of Thomas Pope & Brother, sold to defendant on or about February 2, 1880, and said defendant purchased "300 tons No. 1 Calder iron at a price specified," to be delivered in bond at New Orleans. That said iron is Scotch iron which has to be imported from Scotland, and said sale was made subject to ocean risks. That defendant made and signed a note or memorandum in writing, known as "a bought and sold note," which contained all the material facts of the purchase and sale. That plaintiffs "duly ordered the shipment of said iron. That the same arrived safely in New Orleans and was there placed in bond," of which fact plaintiffs notified defendant and tendered delivery of said iron and demanded payment therefor, but defendant refused to receive or pay for the same. A motion was made to dismiss the complaint on the trial as stated in the opinion. The "bought and sold note" was offered in evidence, of which the following is a copy:

"SALE MEMO.

"ST. LOUIS, Feb'y 2d, 1880.

"Sold Terre Haute Car & M'f'g Co. for account Pope &

Bro., 300 tons No. 1 Calder, at $29 cash, in bond, New Orleans, subject to ocean risks.

Accepted:                                    " T. H. C. & M'F'G CO.,

                                                    " By J. B. HAGER, Pt."

The iron not having been ready for delivery by the 3d of May, 1880, the defendant on that day wrote the following letter, which was received by plaintiffs' brokers:

                                                    " May 3d, ' 80.

" Messrs. MILLARD & COMBS,

                    " St. Louis.

" GENTS : — The contract made with you on account of Pope & Bro., dated Feb'y 2, 1880, for three hundred tons No. 1 Calder, and good for three months, not having been complied with on your part, we hereby notify you that we no longer consider the contract binding upon either party.

                    " Very truly,

          " THE TERRE HAUTE CAR & M'F'G CO.,

                    " By J. G. HAGER, Prest."

The iron afterwards arrived, and the following letter was thereupon, and on the 14th day of June, 1880, written by the brokers to the defendant, offering its delivery:

" We are instructed by Messrs. Thomas J. Pope & Bro., to demand of you the acceptance of three hundred tons No. 1 Calder, sold to you Feb'y 2d, and which they are now ready to deliver at New Orleans, and have been since June 14th. We therefore demand that you receive the iron and pay for the same."

Defendant declined to accept delivery.

*Stephen O. Lockwood* for appellant. The complaint is defective in that it does not allege when the contract was to be performed, or performance, or offer or tender of performance within the time provided by the contract. (*Osborne* v. *Lawrence*, 9 Wend. 135, 137; *Coonley* v. *Anderson*, 1 Hill, 519; *Duncan* v. *Topham*, 8 Com. B. 225; *Morton* v. *Lamb*,

7 Term. R. 125; Benj. on Sales, § 683 and note; Chitty on Cont. 629, note, etc.; 2 Par. on Cont. [6th ed.] 660; *Cocker v. Franklin H. & F. Co.*, 3 Sumn. 530; *Tufts v. McClure*, 40 Ia. 317; *Rankin v. Goddard*, 4 Allen [N. B.] 155; *Kemple v. Darrow*, 39 N. Y. Super. 447; *Ballou v. Biddle*, 35 Mich. 13; 1 Par. on Cont. 530; *Langfort v. Tyler*, 1 Salk. 113; *Lanyon v. Toogood*, 13 M. & W. 27; *Fletcher v. Cole*, 23 Vt. 114.) The full performance by the plaintiffs is a condition precedent to their right to recover against the defendant. (*Osborne v. Lawrence*, 9 Wend. 135; *Coonley v. Anderson*, 1 Hill, 519; *Pope v. Porter*, 102 N. Y. 366; *Hill v. Blake*, 97 id. 216; *Norrington v. Wright*, 115 U. S. 188; *Filley v. Pope*, id. 213; *Bowes v. Shand*, 2 App. Cas. 455.) It is only where the answer contains an affirmative allegation of the fact which the complaint should have averred that the court will deem the defect in the complaint cured. (*Schofield v. Whitelegge*, 49 N. Y. 259; *Tooker v. Arnoux*, 76 id. 397; *Bate v. Graham*, 11 id. 237; *Coffin v. Reynolds*, 37 id. 640; *Emory v. Pease*, 20 id. 62; *Pelton v. Ward*, 3 Cai. 73.) The correctness of the ruling denying the motion to dismiss must be tested on appeal on the complaint as it stood, not as it might have been changed by amendment. (*Tooker v. Arnoux*, 76 N. Y. 307.) Tender of delivery of the iron, according to the terms of the contract, was a condition precedent to the right of the plaintiffs to recover. (*Pope v. Porter*, 102 N. Y. 366; *Hill v. Blake*, 97 id. 216; *Norrington v. Wright*, 115 U. S. 188; *Filley v. Pope*, id. 213.) "Reasonable time" after the time of making the contract is what is meant, and it is to be measured upon the facts and circumstances of each case. (*Jones v. Fowler*, 1 Sweeney, 5; *Cocker v. F. H., etc., Co.*, 3 Sumn. 530; Abb. Tr. Ev. 371; *Hyd. En. Co. v. McHaffie*, 27 Week. Rep. 222; *Stewart v. Marvel*, 101 N. Y. 357; Benj. on Sales, 682 § 683; *Ellis v. Thompson*, 3 M. & W. 445; *Jones v. Gibbon*, 8 Ex. 920; *Sampson v. Rhodes*, 8 Scott, 544; *Crocker v. Franklin, etc., Co.*, 3 Sumn. 530, 533; 3 Par. on Cont. 540; *Davis v. Talcott*, 14 Barb. 611; *R. R. Co. v. Smith*, 21 Wall. 162.)

*Wm. W. Niles* for respondents. The denial in the answer upon information and belief of the allegation of the offer and acceptance which preceded the sale is not sufficient. (*Schroeder* v. *Wanzer*, 22 N. Y. Week. Dig. 10.) It was proper to prove the value of the iron within a reasonable time and at the market of delivery. (*Harris* v. *P. R. R. Co.*, 58 N. Y. 660; *Price* v. *Manley*, 66 id. 82.)

Andrews, J. The defendant's counsel, on the opening of the case, moved to dismiss the complaint on the grounds (1) that it did not allege when the contract was to be performed, and (2) that it did not allege performance, or offer or tender of performance within the time. The court denied the motion and exception was taken. The plaintiffs did not offer to amend the complaint and no amendment was made at any stage of the trial. We think the motion should have been granted. There is no allegation in the complaint as to the time within which the contract was to be performed by delivery of the iron, and no time is mentioned in the written contract. The law supplies the omitted term, and the contract in legal effect was an engagement on the part of the plaintiffs to deliver within a reasonable time. (Benjamin on Sales, § 683, note and cases cited; 2 Pars. on Con. 535, and cases cited.) The promise of the plaintiffs to sell and deliver the iron, and of the defendant to receive and pay therefor were mutual and concurrent and neither party can maintain an action against the other for a breach of the contract without proving performance on his part. It was, therefore, necessary, as matter of proof, that the plaintiff should show that he delivered, or offered to deliver, the iron within a reasonable time, for this was his contract, and whatever is essential to a cause of action must be averred. The principle is very clearly stated in *Osborne* v. *Lawrence* (9 Wend. 135), in which the court say: "The time when a promise is to be performed is always material and must be stated according to the truth, and proved as stated, whether it be upon the request of the plaintiff, or upon a particular day, or in a reasonable time." The com-

plaint alleges that the iron arrived in New Orleans and that the plaintiffs notified the defendant and tendered delivery and demanded payment. But there is no averment when the iron arrived, or was tendered, or when by the contract it was to be delivered, or that delivery was tendered within a reasonable time, nor is any fact stated from which it can be inferred that the plaintiffs in that respect had performed their contract. The allegation that the plaintiffs "duly ordered the shipment" does not answer their obligation. Their contract was to deliver in a reasonable time, and the undertaking and its performance should have been alleged. The circumstance that they "duly ordered the shipment," or that the vessel was delayed by stress of weather, or similar facts, might have been relevant on the issue of performance. The difficulty is that the complaint does not show that the defendant was bound to accept or pay for the iron, because it neither sets out the plaintiffs' undertaking as to the time of delivery, or its performance, which was, in part, the consideration of the promise of the defendant. The defect in the complaint was not waived because the objection was not taken by demurrer or answer. (Code, § 499.) The plaintiffs did not apply for an amendment, but took the risk of the sufficiency of the complaint, and cannot on this appeal be relieved from their position. (*Tooker* v. *Arnoux*, 76 N. Y. 397; *Southwick* v. *First Nat. Bank*, 84 id. 420.)

Other questions have been argued, but as the point already considered is decisive of this appeal, it becomes unnecessary to consider them.

The judgment should be reversed, and a new trial ordered.

All concur.

Judgment reversed.