JACOCKS v. MORRISON.

(Supreme Court, Appellate Division, First Department.   March 8, 1912.)

1. PLEADING (§§ 193, 367*)—DEMURRER OR MOTION—PERFORMANCE OF CONTRACT.

   A complaint on a contract by which defendant agreed to procure a conveyance to plaintiff's assignor of 15 acres of land owned by a corporation, to be selected by such assignor out of one of the corporation's plots, or in default to pay the assignor $3,500 in cash, was not demurrable because it failed to allege the time when demand was made for conveyance after selection, such defect being one which might be cured by motion, but which could not be made the subject of a special demurrer.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 428–443, 1173–1193; Dec. Dig. §§ 193, 367;* Insurance, Cent. Dig. § 1631.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CONTRACTS (§ 303\*)—CONDITION PRECEDENT—PERFORMANCE—CONVEYANCE OF LAND—SELECTION.**

Where defendant agreed to procure a conveyance to plaintiff's assignor of 15 acres of land owned by a corporation, to be selected by such assignor, or, in default, to pay the assignor $3,500 in cash, failure to make a selection within a reasonable time or within a definite time would not necessarily defeat the right of plaintiff or her assignor to recover for breach of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. § 303.\*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Emily J. C. Jacocks against Lewis J. Morrison. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, with leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Arthur Furber, for appellant.
H. R. Limburg, for respondent.

MILLER, J. The action is upon a contract entered into between the defendant and the plaintiff's assignor, whereby in payment for certain stocks, bonds, and choses in action transferred to him, and in settlement of certain disputes, the former agreed to pay the latter the sum of $3,000 in cash, and to procure a conveyance of 15 acres of land to be selected by the latter out of a larger tract owned by a third party, a corporation, and whereby the defendant agreed in default in procuring such conveyance to pay the plaintiff's assignor the sum of $3,500 in lieu thereof. It is alleged that the defendant paid the sum of $3,000, but has failed to cause said conveyance to be made or to pay the stipulated sum in lieu thereof. In a former action between the same parties a demurrer to the complaint was sustained on the ground that it did not allege the selection of any particular 15-acre plot. Jacocks v. Morrison, 129 App. Div. 285, 113 N. Y. Supp. 322. The present complaint, after alleging the assignment of the contract to the plaintiff, avers that the plaintiff, being willing to accept any 15 acres within the plot of land in question, demanded of the defendant that he perform his contract by conveying to her 15 acres of said land; that the defendant failed to comply with the demand; and that thereafter her assignor caused 15 acres to be selected and located, and that notice of a selection with a description thereof was served upon the defendant, with a demand that he convey or cause the same to be conveyed to the plaintiff.

[1] The objection to the present complaint is that it fails to state the time when said demands were made. No doubt, the complaint is indefinite in that respect. But that is a defect to be cured by motion, not by special demurrer as was the practice when Osborne v. Lawrence, 9 Wend. 136, relied upon by the learned court at Special Term, was decided.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] If the plaintiff would have to prove a selection and demand within a stated or a reasonable time in order to recover, an allegation to that effect would doubtless be essential to a statement of her cause of action. But this is not the case of an executory contract of purchase and sale, as was the case of Pope v. Terre Haute Car & Manufacturing Co., 107 N. Y. 61, 13 N. E. 592, also relied upon by the learned court at Special Term. The defendant received the consideration for which he agreed to procure a conveyance from a third party, or to pay in lieu thereof the sum of $3,500. A selection of the 15 acres to be conveyed had to be made before the defendant could be put in default, but a failure to make the selection within a reasonable time or within a definite time, if one was stated in the contract, would not necessarily defeat the right of the plaintiff or her assignor to recover. No doubt, as the respondent contends, he could not be required to be forever in a position to procure a conveyance from a third party. But, if there be any reason to excuse performance on his part, it is a matter of defense which we cannot pass upon without knowing the facts. The point which we now decide is that the plaintiff or her assignor did not necessarily incur a forfeiture by failing to make a selection within either a reasonable or a stated time.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with the usual leave to the defendant to answer on payment of said costs.

INGRAHAM, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. DOWLING, J., dissents.