CHEMUNG IRON AND STEEL COMPANY, Appellant, *v.* HERMAN S. HORN and Another, Respondents.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — Filed February, 1921.)

**Contracts — delay in delivery of goods — rescission — evidence.**

> The rule that while delay in the performance within a reasonable time of a contract calling for successive deliveries of goods may give rise to a cause of action for damages it will not always permit rescission, does not apply to an executory contract of sale where delivery within a reasonable time is a concurrent condition to any obligation of the buyer to accept and pay and where the time to perform such condition has expired before notice of rescission was given.

> More than four months after the making, on September 13, 1918, of a contract for the sale and delivery of certain iron, and at a time when plaintiff was not ready to deliver the goods, defendants in writing cancelled the order, and while the testimony on behalf of plaintiff in an action for damages tended to show that the average time in which it was possible to secure delivery of goods called for by the contract, during the war, was from four to five months, one of the defendants testified that plaintiff stated that it could deliver the goods within four or five weeks. *Held,* that a finding that on January 16, 1919, when the order was cancelled because of plaintiff's delay, more than the reasonable time contemplated for the delivery of the goods had elapsed, was warranted.

> The trial court having found upon proper evidence that plaintiff did not deliver the goods within a reasonable time, as

required by the contract of sale, the plaintiff had no right of action for damages, and a judgment dismissing the complaint upon the merits will be affirmed.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of defendants dismissing the complaint upon the merits.

Morrell, Bates, Topping & Anderson (Laurence A. Anderson, of counsel), for appellant.

Cohen, Haas & Schimmel (Isadore Cohen, of counsel), for respondents.

LEHMAN, J.   The contract herein was made on September 13, 1918.   When the defendants wrote to the plaintiff that they cancelled the order, more than four months had passed, and concededly even at that time the plaintiff was not ready to deliver the goods.   While the plaintiff produced testimony to show that the average time in which it was possible to secure delivery of goods of this kind during the war was from four to nine months because, as one witness stated, deliveries were made " at the mill's convenience," there can be no doubt but that in view of the defendant's testimony that the plaintiff stated it could deliver within four or five weeks, the trial justice was entirely warranted in finding that on January sixteenth, when the defendants notified the plaintiff that they cancelled the order because of plaintiff's delay, far more than the reasonable time as contemplated by the parties for the delivery of the goods had elapsed.

In the case of *Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61, the court stated: " There is no allegation in the complaint as to the time within which the contract was to be performed by delivery of the iron,

Appellate Term, First Department, February, 1921.     [Vol. 114.

and no time is mentioned in the written contract. The law supplies the omitted term, and the contract in legal effect was an engagement on the part of the plaintiffs to deliver within a reasonable time. The promise of the plaintiffs to sell and deliver the iron, and of the defendant to receive and pay therefor were mutual and concurrent and neither party can maintain an action against the other for a breach of the contract without proving performance on his part. It was, therefore, necessary, as a matter of proof, that the plaintiff should show that he delivered, or offered to deliver, the iron within a reasonable time, for this was his contract, and whatever is essential to a cause of action must be averred.'' That rule of law was well established and well recognized even before the time of that decision, and I cannot find that it has ever been overruled or even questioned by any decision since then, but was expressly reaffirmed in the case of *Eppens, Smith & Weimann Co.* v. *Littlejohn,* 164 N. Y. 187. In the present case the trial justice has found upon proper evidence that the plaintiff did not deliver or offer to deliver the goods it sold within a reasonable time as required by its contract, and it would, therefore, seem that the plaintiff has no right of action against the defendants.

It is claimed, however, that under the decision of *Taylor* v. *Goelet,* 208 N. Y. 253, even though the plaintiff had failed to perform its contract within a reasonable time, the defendants had no right to give notice of cancellation without prior notice to the plaintiff requiring performance within a reasonable time specified in the notice. In that case the court decided that no rescission can be made of an executory contract where the time of performance has been left indefinite until time has been made an essential element of the contract by a reasonable notice demanding perform-

ance and stating that the contract will be rescinded if the notice is not complied with. It is to be noted, however, that the court was there considering the rights of the parties under a building contract involving successive or continued acts, and which necessarily remained in existence until rescinded by one party, and which if rescinded after performance was begun, would necessarily result in a forfeiture, by the party partially performing, of the value of his work. It would not, however, seem to have any application to an executory contract of sale of goods not to be specially manufactured by the seller and where the seller was required merely to perform the one act of delivering the goods to the buyer. In such a case as shown above, the seller must tender delivery within a reasonable time, and if he fails to do so, the buyer is under no obligation to accept the goods. No rescission of the contract by the buyer is, therefore, necessary, but the buyer's obligation has ceased when the seller failed to perform the concurrent condition to be performed on his part. A notice on the part of the buyer that the contract is cancelled is, under such circumstances, not a wrongful act on his part nor a repudiation of his obligation, and, therefore, cannot give rise to any cause of action on the part of the seller. It should be regarded rather as an intimation on the part of the buyer that in his opinion the reasonable time for delivery had passed, and that therefore the seller need not go to the trouble and expense of making a tender which will not be accepted. In sending such notification the buyer assumes the risk of the court or jury deciding that a reasonable time had not in fact yet elapsed, but he assumes no other risk or liability. While the case of *Taylor* v. *Goelet, supra,* has not been expressly limited, it is significant that in the subsequent case of *Brede* v. *Rosedale Terrace Co.,* 216

N. Y. 246, it is cited as an example of the rule that: " Where a contract involving successive or continued acts is to be performed in a reasonable time, delay, though it will give rise to a cause of action for damages, will not always permit rescission." It has been applied to executory contracts of sale where the goods were to be specially manufactured, and to executed contracts of sale where the price was paid and title passed before delivery, but it evidently has no application to an executory contract of sale where delivery within a reasonable time was a concurrent condition to any obligation of the buyer to accept and pay, and where the time to perform such concurrent condition had expired before the notice was sent.

Judgment should therefore be affirmed, with twenty-five dollars costs.

GUY and WAGNER, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.