THE JOHN F. TRAINOR COMPANY, Appellant, *v.* G. AMSINCK & COMPANY, INC., Respondent.

First Department, February 10, 1922.

Sales — contract of sale providing date for deliveries to commence modified by mutual agreement allowing deliveries within reasonable time — buyer could not rescind because of delay in deliveries without notice to seller to deliver within specified reasonable time.

Where time has ceased to be of the essence of a contract by mutual waiver of the parties thereto and a reasonable time for performance has been substituted for a fixed date, neither party can put the other in default without notice, giving a reasonable time specified to complete performance.

Accordingly, where a contract for the sale by the plaintiff to the defendant of a quantity of yarn provided for a definite date for deliveries to commence and subsequently the parties agreed that deliveries were to be made within a reasonable time, the defendant could not rescind the contract because of delay in deliveries without first giving notice to the plaintiff to deliver the yarn within a specified reasonable time.

SMITH and PAGE, JJ., dissent, with opinion.

APPEAL by the plaintiff, The John F. Trainor Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 26th day of January, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of January, 1921, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*Melvin G. Palliser* [*William C. Gehring* of counsel; *Hector M. Hitchings* with him on the brief], for the appellant.

*White & Case* [*Vermont Hatch* of counsel], for the respondent.

CLARKE, P. J.:

The action was brought to recover damages for breach of a contract made by a written proposition of the plaintiff to sell and deliver cotton yarn, accepted in writing by the defendant,

The quantity ordered was 29,000 pounds of 8/1 soft twist, that is, " a thread that measures eight times 840 yards to a pound." The contract provided: " This order is taken subject to discontinuance or cancellation only in case of fires, strikes, lockouts or any unforeseen casualty at your mill or that of our mill where the yarns are to be made, and in that event deliveries to be made proportionate to the running of the respective mills, you to take and we to deliver all goods made at that time or in process of manufacture. If shipments are delayed for any reason, it is understood that the order remains in force until cancelled. All understandings and verbal agreements embodied herein." Also " Price 65¢ lb. Terms 3% 10 days from B/L f.o.b. mill. Frt. prepaid. · Deliveries — Beginning September, sooner if possible. This delivery is subject to delays over which we have no control."

On the trial the complaint was amended. The original complaint alleged as follows:

" *Fifth.* That plaintiff and defendant thereafter agreed that deliveries were to be made on the aforesaid contract in December, 1918, or early in January, 1919.

" *Sixth.* That thereafter and on or about December 2nd, 1918, the defendant gave notice in writing to plaintiff that it would not accept the yarn when delivered."

The amendment to paragraph 5th on the trial was that " on or about August 27th plaintiff and defendant agreed that deliveries were to be made on the aforesaid contract within a reasonable time." The proof showed that on the 30th of November, 1918, the defendant wrote: " Referring to the contract we placed with you on May 29th, * * * we have to advise you that we regret that you have made no deliveries as yet on yarns # 32 and # 81. Our order stated delivery August-September, or better. We find that owing to late delivery we are forced to cancel this contract. Our customers will not take the goods on these late dates, and there is no option before us other than to send you a formal cancellation for these two items as yet undelivered to us, and accordingly this may be regarded as a formal cancellation of the same."

The appellant claims that, when the contract was modified by changing the time for delivery from the time fixed in the contract to a reasonable time, the absolute cancellation without

previous notice of a date for delivery, considered by it to be a reasonable time, was a breach of the contract on defendant's part and entitled appellant to a direction of a verdict in its favor for which it moved, and being denied, it excepted.

The learned trial court charged the jury as follows: " The issue in this case, as we have finally worked it out, is exceedingly simple and is a single one: What did the parties intend by a reasonable time when, on August 27th, they changed the date of delivery as it had theretofore been, to a delivery within a reasonable time. What was such reasonable time? If the reasonable time intended by them, and as it actually was, expired on or before November 30th, then the defendant had the right to, as he calls it, cancel the contract. If on the other hand the reasonable time extended beyond November 30th, then they had no right to cancel the contract on November 30th for a failure of delivery, because you see that under those circumstances the plaintiff would have had further time to make the delivery, and the defendant, therefore, would have breached the contract by this letter of cancellation."

So that the question is clearly presented, the court leaving " reasonable time " alone to the jury and refusing to consider the necessity for notice of limitation before cancellation.

In *Taylor* v. *Goelet* (142 App. Div. 467) defendant entered into a contract for the construction of a building which provided for its completion ready for occupancy on or before July 1, 1907. The building was not completed at that time but the plaintiffs continued to make regular monthly payments until February 17, 1908. On the twelfth of March defendant gave the construction company three days' notice, pursuant to the contract, to supply a sufficiency of workmen and materials to prosecute the work with promptness and diligence, and that, upon its neglect or refusal to do so, he would take possession for the purpose of completing the work; and, pursuant to that notice, the defendant did take possession. Mr. Justice MILLER said: " It was testified on the trial, and conceded by the defendant, that the reasonable time to erect the building expired on July 1, 1907. The court ruled that, from the nature of the contract, the defendant was notified from the beginning that the building had to be erected within a reasonable time, and that no notice was necessary to put him in default; but that,

as the reasonable time expired July 1, 1907, the continued monthly payments thereafter operated to waive the default, and to extend the time of performance indefinitely, wherefore, the defendant could not be again put in default without notice, requiring performance within a reasonable time specified. * * * We are of the opinion that, on definite time of performance having been specified in the contract, the plaintiffs could not rescind without giving the defendant a reasonable time after notice to perform. Of course, where the time of performance is not specified in the contract, the law presumes that the parties intended performance within a reasonable time; but it does not follow that, in such case, one party may suddenly and without notice terminate the contract, while the other is in good faith endeavoring to perform it. * * * The law is settled in this State by a long line of authorities that, where the time of performance is indefinite, neither party can put the other in default without notice, giving a reasonable time specified to complete performance. [Citing cases.] To be sure the question has usually been raised where the definite or specified time in the contract has been extended indefinitely, *i. e.*, for a reasonable time. But we fail to perceive any distinction between a case where the parties originally contracted for performance within a reasonable time, not specified, and one where the original contract for performance within a specified time has been modified, either by contract or by the acts of the parties amounting to the same thing, so as to substitute a reasonable time for the specified time, or to extend the specified time for a reasonable time."

This case was affirmed (208 N. Y. 253), the Court of Appeals saying: " This court has held that where an executory contract fixes the time within which it is to be performed and performance within that time is waived by the parties to the agreement, neither party can thereafter rescind the contract on account of such delay without notice to the other requiring performance within a reasonable time, to be specified in the notice, or the contract will be abrogated. By the waiver time as an essential element of the contract has been removed therefrom, but it can be restored by a reasonable notice demanding performance and stating that the contract will be rescinded if the notice is

not complied with.   (*Lawson* v. *Hogan*, 93 N. Y. 39; *Schmidt* v. *Reed*, 132 N. Y. 108.)

" The plaintiffs do not dispute this rule of law, but contend that it does not apply when time is not of the essence of the contract as originally made.   No such distinction appears in the decisions of the courts.   [Citing cases.]

" The basis of the rule requiring notice of intention to rescind is to be found in the reluctance of the courts to enforce penalties and forfeitures in matters of contract.   * * * Courts do not allow a rescission of the contract for mere delay in performance unless the parties have made time of the essence of the contract.   * * * ˙The rule would seem to apply as aptly to contracts which when made leave indefinite the time of performance as to contracts from which time as an essential element has been removed by acquiescence of the parties.

" Time is not of the essence of a contract which is to be performed within a reasonable time, but either party can make it so whenever he desires by simply giving notice to that effect.   If notice is not given the contract continues in force. It may be sued on as an existing contract and damages for its breach recovered.   But it cannot be treated as at an end and a forfeiture enforced.   * * *   The rule is a just one and is necessary to protect the unwary.

" It is to be understood, however, that the notice of intention to rescind is only necessary when the party to the contract proceeded against has merely delayed performance, not where he has abandoned the contract, or treated it as terminated, or where he has refused to perform."

*Pierson & Co.* v. *American Steel Export Co.* (194 App. Div. 555) was an action brought to recover damages for an anticipatory breach of contract.   Plaintiff had agreed to sell and defendant to buy a quantity of checkered steel plates, shipments to be made during June and July, 1917.   The plates had not been rolled.   After considerable delay and correspondence the defendant undertook to rescind.   Mr. Justice GREENBAUM, writing for a unanimous court, said: " There can be no doubt whatever that there had been a waiver of the time of delivery provided for in the contract.   The defendant waived delivery of these contracts in its earlier letters upon plaintiff's inability

to deliver in June and July and thereafter owing to the alleged embargo by the United States government and the difficulties on the part of defendant to procure licenses, the time for delivery was extended from time to time by consent of both parties.

" The rule is well settled that where time of performance is waived ' neither party can thereafter rescind the contract on account of such delay without notice to the other requiring performance within a reasonable time, to be specified in the notice, or the contract will be abrogated.' (*Taylor* v. *Goelet*, 208 N. Y. 253.) No such notice was here given by the defendant. It follows, therefore, that its rescission was not warranted in law and that its act of cancellation constituted anticipatory breach of the contract which entitled the plaintiff to recover damages therefor."

In *Miller* v. *Ungerer & Co., No. 1* (188 App. Div. 655) — sale of benzyl chloride — the court said: " The inference is reasonable that the defendant, having learned that plaintiffs then had not the goods, made the tender for the purpose of putting plaintiffs in default. The purpose was not achieved, for the plaintiffs, in the circumstances, had a reasonable time for compliance, and the demand without notice was ineffective. (*Myers* v. *DeMier*, 52 N. Y. 647; *Taylor* v. *Goelet*, 208 id. 253.)"

In *Sturges & Burn Manufacturing Co.* v. *American Separator Co.* (158 App. Div. 63) the contract was for the manufacture and purchase of certain goods. The court said: " We cannot agree with the conclusion of the learned trial court that the defendant had the right to rescind the March contract because of unreasonable delay of the plaintiff in performing the same. Where an act is to be performed within a reasonable time, time is not of the essence of the contract, and, unless it be made so by the subsequent acts of either of the parties, the delay of the plaintiff in furnishing an article contracted for furnishes no defense to an action brought to recover the contract price therefor. Courts do not allow a rescission of the contract for mere delay in performance unless the parties have made time of the essence of the contract. (*Taylor* v. *Goelet*, 208 N. Y. 253.)"

In *Chemung Iron & Steel Co.* v. *Horn* (114 Misc. Rep. 380)

Mr. Justice LEHMAN, writing for the Appellate Term, undertook to limit the effect of *Taylor* v. *Goelet*, stating: " It would not, however, seem to have any application to an executory contract of sale of goods not to be specially manufactured by the seller and where the seller was required merely to perform the one act of delivering the goods to the buyer; " but the Appellate Term in *Brenner* v. *Greenberg & Greenberg, Inc.* (183 N. Y. Supp. 22) held that the refusal of the trial judge to charge that " it being an admitted fact in this case that the plaintiffs had waived the time of delivery as fixed by the agreement, they could not thereafter put the defendant in default, except upon giving notice fixing a reasonable time thereafter within which defendant may make performance " was error.

I do not think that it is a sound construction of the rule established in *Taylor* v. *Goelet*, that it is not to be applied to executory contracts for the manufacture and sale of goods. (See cases *supra*.) It seems to me that the rule is based upon the principle of fair play. " Notice in such circumstances is the plain requirement of good faith; and the requirement is one that the law has not ignored." (CARDOZO, J., in *Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246.) Hence where time has ceased to be the essence of the contract by mutual waiver, substituting for a fixed date reasonable time for performance, neither party can rescind without a previous notice re-establishing a time limit. It is clear from the testimony in the case at bar that both parties were thoroughly aware of the extraordinary conditions created by the war and the demands of the government made upon the mills and, recognizing that, extended the time of performance. It is equally clear that the sudden attempted rescission of the contract was due to the sudden cessation of the war and the coincident break in prices. I think the attempted rescission was ineffective and that the judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING and GREENBAUM, JJ., concur; SMITH and PAGE, JJ., dissent.

SMITH, J. (dissenting):

The plaintiff's action is brought upon the following contract:

" THE JOHN F. TRAINOR COMPANY
" Commission Merchants
" Cotton Yarns
" 291 Broadway                    NEW YORK
" No. 1733
" Order 9758
" Req. 40023

" G. AMSINCK & COMPANY,
" 90 Wall Street, New York City:
" GENTLEMEN.— We enter your order as follows:
" Quantity          29000 pounds
" Description       8/1 soft twist
                    54″ 2½ to 3 oz. skeins
                    MARK: C. I. D. B. A.
                    Buenos Aires
                         No. 1 / Up
" Price            65¢ lb.
" Terms            3% 10 days from B/L F. O. B. mill.   Frt.
                       prepaid.
" Deliveries       Beginning September, sooner if possible.
                   This delivery is subject to delays over which
                       we have no control.
" Shipping
    instructions   Caledonian Dye Works, Philadelphia, Pa.
        " IF ANY CORRECTIONS NOTIFY US PROMPTLY.

" This order is taken subject to discontinuance or cancellation only in case of fires, strikes, lockouts, or any unforeseen casualty at your mill or that of our mill where the yarns are to be made, and in that event deliveries to be made proportionate to the running of the respective mills, you to take and we to deliver all goods made at that time or in process of manufacture.

" If shipments are delayed for any reason, it is understood that the order remains in force until cancelled.   All understandings and verbal agreements embodied herein.

" Thanking you for the order, we are,
                         " Yours very truly,
        " THE JOHN F. TRAINOR COMPANY
                         " By JOHN F. TRAINOR
                                        " *Pres.*
" NEW YORK, N. Y., June 3, 1918.
        " PLEASE ACKNOWLEDGE ON ENCLOSED POSTAL."

Thereafter on June 10, 1918, defendant acknowledged and ratified said contract as follows:

" JOHN F. TRAINOR CO.,
    " New York City, N. Y.:
    " DEAR SIRS.— We hereby acknowledge order No. 1733 with you for 29000 pounds 8 /1 soft twist 54″ 2½ to 3 oz. skeins, and same is in accordance with our understanding.
                            " Yours truly,
                    " G. AMSINCK & CO., INC.,
" 6 /10 /18                            Per A. W."

The plaintiff was a corporation engaged in the commission business in buying and selling cotton yarns. Prior to September first, when deliveries were to be begun, the plaintiff, having been unable to obtain those yarns, had further negotiations with the defendant, wherein it was agreed that the plaintiff should have a reasonable time after September first for the delivery of the yarns. In the complaint originally framed it was alleged that this contract was modified to provide for deliveries in December or early in January. Upon the trial this allegation was amended so as to recite as the supplemental agreement that the plaintiff should have a reasonable time after September first to make deliveries. While the original contract has in it a reference to " our mill," the evidence shows that this reference was simply to mills from which the plaintiff had been accustomed to get its yarns, and there can be no claim under the contract, even if the question should be material, that the plaintiff was to manufacture this yarn. It will be noticed that the deliveries first contemplated were to be made during the continuance of the war, which was then pending and in which we were engaged. Upon the signing of the contract, the plaintiff made inquiries at different mills to ascertain where it could procure the yarns required to be delivered under the contract. It was ascertained at that time that these mills were all engaged in government work, and that the plaintiff would be unable to procure the yarns within the times specified in the contract for their deliveries, which fact resulted in the making of a supplemental agreement made before the contract had been broken and before the 1st of September in 1918. The armistice took effect the eleventh

day of November. Upon the testimony of the plaintiff's president he ascertained that these yarns could be obtained the first week in November, even before the armistice took effect. The trial court submitted to the jury the single question as to whether a reasonable time had elapsed since the making of the supplemental contract before November thirtieth, when notice of cancellation of the contract was served by the defendant upon the plaintiff, charging the jury that, if prior to said date a reasonable time had elapsed, the plaintiff could not recover, because of the failure of the plaintiff to make deliveries within such reasonable time; and, on the other hand, if a reasonable time had not elapsed prior to the thirtieth of November, the defendant was not authorized to give notice of cancellation, and that the plaintiff might recover the difference between the contract price and the market price of the yarn upon said thirtieth of November. The jury found for the defendant, holding in effect that a reasonable time had elapsed prior to the notice of cancellation which authorized the giving of such notice and which terminated the contract.

The provisions of the contract originally made are not clear. It was provided therein that the contract could not be discontinued or canceled except for certain specified reasons, as strikes, lockouts or any unforeseen casualty at the mills. That this was not intended, however, to be as comprehensive as is stated therein, is indicated by what follows: That " if shipments are delayed for any reason, it is understood that the order remains in force until cancelled." This subsequent provision contemplates a cancellation for causes other than fires, strikes, lockouts, as specified in the preceding clause in the contract. Furthermore, the provision in the contract that if deliveries are delayed the contract should be deemed to continue until cancellation, should, I think, be fairly construed that the contract should continue until notice by the defendant of its election to cancel the same. It clearly cannot be contemplated to require a cancellation by consent of both parties, which interpretation would put either party at the mercy of the other. Nor do I conceive it could be construed that the notice of cancellation is any other than a notice that the party is willing to proceed no further under the contract. If it

had been intended by this clause in the contract to provide for a notice fixing a definite time in the future when deliveries must be made, and to provide that, in case of failure to make such deliveries, the contract should be deemed canceled, I think the provisions of the contract would have been otherwise framed with such notice specifically provided for. Under the modified contract as alleged in the amended complaint, it may well be questioned whether these provisions in the original contract were not intended to be abrogated, and such seems to have been the attitude of the counsel upon the trial of the action, as no specific claim was there made under either of said provisions, although the defendant did move to dismiss the complaint. The burden of the plaintiff's contention seems to have been that a reasonable time had not elapsed since the modified contract was made by reason of the government restrictions. The plaintiff, however, claims the benefit of these provisions in its brief in this court, and I will assume for the argument that this modified contract is subject thereto. The notice of the election of the defendant to consider the contract at an end, or to cancel the same, was duly served, as is admitted in the complaint, and the ultimate question, as I view it, involves the obligations attaching to an ordinary contract to deliver within a reasonable time. The contention of the defendant is that the plaintiff, in order to recover, must show a tender within a reasonable time from the making of the modified contract. The plaintiff's contention, however, is that under such a contract a party can only cancel the contract after having made the time definite by notice, after which, in default of delivery, the contract will have been deemed to have been abrogated.

In *Pope* v. *Terre Haute Car & Mfg. Co.* (107 N. Y. 61) the construction of such a contract is thus stated: " Where an executory contract for the sale of goods contains no provision as to the time when delivery is to be made by the vendor, its legal effect is an agreement to deliver within a reasonable time, and in an action brought by him against the purchaser for failure of the latter to perform, where by the terms of the contract payment is to be made upon delivery, plaintiff must allege in his complaint and prove upon the trial, performance or offer to perform on his part within a reasonable time.

" Where the complaint in such an action omitted to allege a tender of the goods in a reasonable time, and upon motion to dismiss the complaint because of the omission, plaintiffs did not offer to amend, and no amendment was made at any stage of the trial, or proof given showing that the tender was in a reasonable time, *Held*, that the denial of the motion was error, requiring a reversal."

In *Eppens, Smith & Wiemann Co.* v. *Littlejohn* (164 N. Y. 187) the rule is thus stated: " Where a contract for the sale of goods to be shipped from a foreign port fixes no time for the shipment, it must be made in a reasonable time, and that depends upon the circumstances of the particular case, such at least as the parties may be supposed to have contemplated in a general way in making the contract, and the burden is upon the seller to show compliance in that particular in an action to recover damages for the buyer's refusal to accept and pay for the goods."

These cases have never been criticised or their authority questioned, and stand, as I view it, as the law of this State to-day, except in a case where there has been a part performance on the part of a party whose obligation was to perform within a reasonable time, in a case where the cancellation of the contract by the other party would involve a forfeiture of moneys expended in such part performance. Such is the case of *Taylor* v. *Goelet* (208 N. Y. 253), mainly relied upon by the appellant in this case. In that case there was a building contract which had been partly performed and moneys expended, and it was there held that a rescission would result in a forfeiture on behalf of the contractor, and that in that case the owner was required to give notice to the contractor to complete within a certain time, so as to make specific the date upon which he would claim default if the building were not completed. In that case there was an affirmance by the Court of Appeals of the decision by this court in which the opinion was written by Mr. Justice MILLER. The opinions, both in the Court of Appeals and in this court, must under well-settled rules of interpretation be read in connection with the facts presented by the cases decided. The rule as laid down in the *Pope* case and in the *Eppens, Smith & Wiemann Case* (*supra*) was not there questioned, and the *Taylor* case thus

cited should be deemed to apply simply to cases involving a forfeiture of moneys expended upon the rescission by the other party. The principle of this distinction is analogous to the principle upon which rescission itself is allowed by one party as against another only where the parties may be put in *statu quo*. This distinction is pointed out in an able opinion by Mr. Justice LEHMAN, writing for the Appellate Term in the case of *Chemung Iron & Steel Co. v. Horn* (114 Misc. Rep. 380). In the case at bar it does not appear that any of this yarn had been purchased by the plaintiff. No moneys had been expended upon the contract which would be forfeited in case of a rescission which the law allows for non-compliance with the terms of the contract. There is no provision of the statute which requires a party to make definite the time for performance under a contract to perform within a reasonable time, and the court should not, in my judgment, imply this additional provision in the contract, except to prevent a forfeiture. This construction recognizes the force of the decision in the *Pope* case and in the *Eppens, Smith & Wiemann Case* (*supra*), and upon the principle of *ratione cessante cessat lex* would make inapplicable cases similar to the *Taylor* case, where this provision is implied in the contract for the purpose of saving a forfeiture after the lapse of a reasonable time within which to perform the contract. The contract is at an end. No rescission is there necessary, as is clearly pointed out in the opinion in the *Chemung Iron & Steel Co. Case* (*supra*) and the plaintiff is required under well-settled rules of law to assume the burden of proving, before it can recover, that the terms of the contract were fully performed upon its part, and, in a contract requiring performance within a reasonable time, that a tender of delivery within a reasonable time was made.

The case of *Pierson & Co. v. American Steel Export Co.* (194 App. Div. 555) was the case of an anticipatory breach of a contract which would excuse the plaintiff from proving a tender within the terms of the contract. It would appear in that case, however, from the letters of September 4, 1917, and September 5, 1917, as noted in the opinion, that part of the work has been already begun, and the defendant was requested to

" *suspend* manufacture of the material on this order until further advised." This would bring the case clearly within the authority of the *Taylor* case involving a forfeiture of the value of the work performed by the plaintiff towards the consummation of the contract. The decision also was put upon another ground, and that is that the notice of cancellation stated a specific ground for cancellation which was held not to be good. The case, therefore, is clearly distinguishable from the case before us, which was not a case for the manufacture of goods, but a contract wherein the plaintiff was required to purchase the goods for the purpose of consummating its sale to the defendant, and no purchase whatever had been made, and no act done in the performance of that contract, and, therefore, no forfeiture would be involved. In such case the plaintiff, having alleged the cancellation required by the contract, as I construe it, was required to show a tender of delivery within a reasonable time. The court will not import into a contract terms additional to those stipulated by the parties themselves, at least unless necessary to prevent a forfeiture, and no such necessity exists in the case at bar.

No question is made in the brief of the appellant that the verdict is against the weight of evidence. With the evidence of the plaintiff's president that he ascertained that this yarn could be purchased in the first week in November, after the long delay which had already existed, there was sufficient evidence to authorize the jury to find that upon November thirtieth, when notice of cancellation was given by the defendant, a reasonable time for the plaintiff to perform its contract had already expired, which authorized the giving of the notice of cancellation.

The judgment and order should, therefore, be affirmed, with costs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.