JUDSON LAWSON, Appellant, *v.* ISABELLA V. HOGAN, Impleaded, etc., Respondent.

Where the parties to a building contract have waived performance of it, within the time specified therein, the builder cannot abandon the contract and recover *a quantum meruit* for the work done, until he has first demanded a performance upon the part of the owner, and the latter has failed to perform within a reasonable time thereafter.

(Submitted May 11, 1883 ; decided June 5, 1883.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made June 6, 1881, which reversed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*James Hamilton* for appellant. It is sufficient if the plaintiff was hindered and prevented in such a manner, or by such means, as to make it impossible for him to perform and finish the work under his contract within a reasonable time after March 1st, the day originally fixed by the contract. (*Buck* v. *Burk*, 18 N. Y. 342 ; *Dubois* v. *D. & H. C. Co.*, 4 Wend. 290 ; *E. & A. R. M. Co.* v. *R. M. S. P. Co.*, 30 L. J. C. P. 274 ; *Niblo* v. *Binsee*, 40 N. Y. 476 ; *Heine* v. *Meyer*, 61 id. 171 ; *Risinger* v. *Cheney*, 7 Ill. 84 ; *Jones* v. *Judd*, 4 N. Y.

414; *Kingsley v. City of Brooklyn*, 78 id. 216; *Morgan* v. *Mulligan*, 50 id. 665.) Plaintiff was bound to proceed with the work according to the terms of his contract, and in the usua and ordinary manner, and without unnecessary delay on his part, and if prevented from proceeding with and completing the work in that manner, he was not bound to see to it that he had done every thing possible to be done before abandoning the contract and requiring payment for what he had done. (*Gardner* v. *Clark*, 21 N. Y. 399; *Woodward* v. *Fuller*, 80 id. 312; *Heckman* v. *Pinkney*, 81 id. 214; *Phillip* v. *Gallant*, 62 id. 256.) Plaintiff, by continuing at work after March 1st, the time of original performance, did not waive his right to abandon the contract for any thing occurring after that day to interrupt the progress of his work. (*Allamon* v. *The Mayor*, 43 Barb. 33; *Niblo* v. *Binsee*, 40 N. Y. 476; *Tipton* v. *Feitner*, 20 id. 425; *Fickert* v. *Bryce*, 22 How. 197; *Nelson* v. *P. F. P. E. Co.*, 55 N. Y. 484; *Lawrence* v. *Miller*, 86 id. 131; *Howell* v. *Gould*, 2 Abb. Ct. of App. Dec. 418; 3 Keyes, 422; *Bd. of Water Comm'rs* v. *Burr*, 56 N. Y. 665, 667; *Cobb* v. *Hull*, 33 Vt. 233; *Risinger* v. *Cheney*, 7 Ill. 84; *Boyle* v. *Guysinger*, 12 Ind. 273; *Lovelock* v. *Franklin*, 8 Q. B. 371; *Short* v. *Stone*, 3 D. & L. 580; *Caines* v. *Smith*, id. 462; *Shaw* v. *R. L. Ins. Co.*, 60 N. Y. 291; *Webster* v. *Enfield*, 5 Gil. 298; *Bellinger* v. *Kitts*, 6 Barb. 273; *Franchot* v. *Lach*, 5 Cow. 506; *Breso* v. *Koch*, 52 How. 480; *Slauson* v. *A. R. R. Co.*, 60 N. Y. 606; *Jones* v. *Gibbons*, 8 Exch. 920; *Brown* v. *Cannon*, 5 Gil. 174; *Kingsley* v. *City of Brooklyn*, 78 N. J. 216; 2 Parsons on Contracts [6th ed.], 523; *Fleming* v. *Gilbert*, 3 Johns. 530.)

*M. J. Earley* for respondent. Both parties having mutually waived performance of the contract within the time stipulated, and having gone on with the work, neither could abandon it without giving notice and affording the other party a reasonable time to perform. (*Newton* v. *Wales*, 3 Robt. 453; affirmed, 6 Alb. L. J. 148; *Davison* v. *Associates of the New Jersey Company*, 71 N. Y. 333, 338; 6 Hun, 470; *Hubbell* v. *Von

*Shoening,* 2 id. 376 ; *Dillon* v. *Masterson,* 42 N. Y. Supr. Ct. 176 ; *Nelson* v. *Plimpton Fire Proof Elevating Co.,* 55 N. Y. 480.) Nothing will excuse non-performance, if the act be within the range of possibility. (*Bube* v. *Johnson,* 19 Wend. 500 ; *Harmony* v. *Bingham,* 12 N. Y. 99 ; *D. L. & W. R. R. Co.* v. *Bowers,* 4 J. & S. 126 ; *Booth* v. *Springler D. R. M. Co.,* 3 N. Y. Sup. Ct. 368 ; *Flood* v. *Mitchell,* 68 N. Y. 507 ; *Wheeler* v. *Conn. M. L. Ins. Co.,* 82 N. Y. 543.) A party seeking to recover under a contract, and alleging default of the other, must himself prove performance on his part. (*Smith* v. *Brady,* 17 N. Y. 174 ; *Tyler* v. *Ames,* 6 Lans. 280, 281 ; *Adams* v. *N. Y.,* 4 Duer, 295 ; *Wyckoff* v. *Meyers,* 44 N. Y. 143 ; *Glacius* v. *Black,* 50 id. 145 ; *Doyle* v. *Halpin,* 1 J. & S. 352 ; *Guidet* v. *N. Y.,* 4 id. 557 ; *Bloodgood* v. *Ingoldsby,* 1 Hill, 388 ; *McGovern* v. *W. R. R. Co.,* 28 How. Pr. 493 ; *Barton* v. *Herman,* 11 Abb. Pr. [N. S.] 378 ; *Bowery B'k* v. *N. Y.,* 2 N. Y. S. C. 523.) Cases where a recovery is had on a void contract are where the action is brought in disaffirmance of it, and not in affirmance and with a view of enforcing it. (*Baldwin* v. *Palmer,* 10 N. Y. 232.)

EARL, J. On December 21, 1878, the plaintiff entered into contract with Mrs. Hogan to furnish all the materials, and to perform all the labor for completing and finishing the carpenter work and the painting and tinning work of twenty houses, to be erected by her in the city of New York, and his contract was to be completely finished on or before the 1st day of March, 1879. The walls of the houses were to be of brick, and she had let the contract for the masonry work to another person, who was to complete the same on or before the 1st day of February, 1879. According to the original plan, the houses were each to be two stories above the basement. He entered upon the performance of his contract, and in January or February thereafter, she concluded to add another story to each of the houses, and he contracted to do the carpenter work for the additional story for a compensation agreed upon.

The houses were not completed by the 1st day of March, but he continued to work until the 9th day of May, when he stopped work and addressed her the following letter:

" Please take notice that I have determined to consider my contract with you in relation to the work on One Hundred and Nineteenth street buildings abandoned by reason of your failure to allow me to complete my work under said contract. " I, therefore, request that you pay me for the value of the work and materials already done and furnished, to-wit: $5,500 and that if I am not paid or properly secured I will be compelled to take such remedies as the law allows. I have been always ready and would have had my work completed on March 1, 1879, according to said contract, had it not been for the fault of yourselves and your agents. have suffered great loss by reason of the delay, and the materials which I have at the buildings are being stolen and destroyed, and hence I am compelled to take this action."

Thereafter he refused to do any more work on the houses, and filed a notice of lien for the value of the work which he claimed he had done upon them. This action was commenced to foreclose such lien, and he alleged in his complaint that he was prevented from performing his contract, because she neglected to have the brick walls of the houses erected in time for his work, and his claim, therefore, was that he was entitled to recover the value of the work performed by him. The material allegations of the complaint were put at issue and the action was referred to a referee, who reported in his favor, finding among other things, as matters of fact, that he entered upon the performance of his contract, and exercised due diligence in respect thereto, but was prevented from completing his work within the time limited therein, through her neglect and failure to have the walls of the houses carried up and completed, and also by reason of delays produced by litigations with the building department of the city, growing out of violations on her part of the laws relating to the erection of buildings in the city; that he nevertheless continued such work, but finally on the 9th of

May, owing to her neglect and failure to complete the walls of the houses, and to do other work necessary to be first done before he could go on and complete his work, and owing also to the delays mentioned, he abandoned such work, and notified her of such abandonment; and finding as a conclusion of law that there was due him for his work, the sum of $4,719.33, with interest, and that he had acquired a valid lien therefor.

Upon the request of Mrs. Hogan's attorney the referee further found that she and the plaintiff each waived performance of the contract within the time originally mentioned in it; that he voluntarily continued work under his contract, after March 6th to May 9th; that nothing occurred on May 9th to prevent him from proceeding with the work under his contract, which had not occurred before that time; that he was not prevented by any act on her part from continuing his work after May 9th, or completing his contract, and that the contractor for the masonry work continued to perform work under his contract after the plaintiff had abandoned his.

From the judgment entered upon the report of the referee, she appealed to the General Term, which, as appears from its opinion, reversed the judgment upon the ground that he could not rightfully abandon his contract without first giving her notice to perform, and requesting performance on her part, and we are of that opinion.

There was no finding of the referee, and there was no proof that the plaintiff, at any time before the 9th of May, made any objection or complaint on account of delay on the part of Mrs. Hogan, or that at any time before that date he requested of her that the masonry work should be forwarded so that he could perform his contract. He was delayed by no act of hers, the only default on her part being an omission to have the brick walls erected in time for his work. She was undoubtedly bound, under the contract, to have the walls erected so that he could complete his work by the stipulated time. This obligation on her part is implied from the terms of the contract. But the performance of this obligation by her was waived by him, and he continued without any complaint, as far as appears, to work

up to that date. The time specified in the contract for per-
formance had been abrogated, and the obligation as to time no
longer bound either party. Thereafter each party had a reason-
able time in which to perform. He could not, at any time he
pleased, stop work and refuse to complete the performance of
his contract, and she could not at any time deny his right to go
on with his work. He remained bound to perform his con-
tract, and could recover for what he had done under his con-
tract a *quantum meruit*, only by showing some legal excuse
for not completing the work he had agreed to do. He could
establish such excuse only by showing that she was in default
in such way as authorized him to rescind the contract and thus
annul its binding force upon him. Delay to which he had by
implication assented could furnish him no excuse. Before he
could put her in default and annul the contract, it was incum-
bent upon him to demand performance upon her part and thus
again restore time as an element of the contract, and then, if
within a reasonable time she did not perform, he could refuse
to proceed further. In such a case, where a fixed time has
ceased to be an element in the contract, neither party can put
the other in default without some notice or demand of per-
formance. (*Newton* v. *Wales*, 3 Robt. 453 ; *Davison* v. *Asso-
ciates, etc.,* 71 N. Y. 333.) The rule which requires this is
reasonable and just, and will secure and protect the rights of
all parties to such contracts. Any other rule would enable a
party to waive performance at the stipulated time and to con-
tinue to work under his contract, and then upon any delay in
performance by the other party, without any notice to him,
stop work and recover the value of the work done without
reference to the stipulated compensation. A rule which would
work out such results would be extremely unjust and cannot
be sanctioned.

The plaintiff cannot now complain of any delays in the
prosecution of the masonry work after the 9th day of May.
Such delays might not have occurred if he had continued the
performance of his contract and demanded that they should
cease.

The fact that Mrs. Hogan was proceeding to build the walls of her houses in violation of the laws applicable to the city of New York in reference to their thickness furnished to the plaintiff no excuse for stopping his work. His contract required him to violate no laws, and her violation consisted only in proceeding with the erection of her walls of the thickness adopted, without first procuring the sanction of the department of buildings. That, after he had stopped work, she obtained, and she might have obtained it before if he had given her any notice or made any complaint of that matter.

The order of the General Term should be affirmed, and judgment absolute ordered against the plaintiff, with costs.

All concur, except RAPALLO, J., not voting.

Judgment accordingly