RALPH P. TAYLOR et al., Appellants, *v.* ROBERT GOELET, Respondent.

*Contract — rescission of executory contract — when time is not of the essence of an executory contract neither party can rescind it for delay without notice to the other to complete within a reasonable time.*

1. Where an executory contract fixes the time within which it is to be performed and performance within that time is waived by the parties to the agreement, neither party can thereafter rescind the contract on account of such delay without notice to the other requiring performance within a reasonable time to be specified in the notice or the contract will be abrogated. This rule applies as aptly to contracts which when made leave indefinite the time of performance as to contracts from which time as an essential element has been removed by acquiescence of the parties.

2. Time is not of the essence of a contract which is to be performed within a reasonable period, but either party can make it so whenever he desires by simply giving notice to that effect. If notice is not given the contract continues in force. It may be sued on as an existing contract and damages for its breach recovered. But it cannot be treated as at an end and a forfeiture enforced. But notice of intention to rescind is only necessary when the party to the contract proceeded against has merely delayed performance, not where he has abandoned the contract, or treated it as terminated, or where he has refused to perform.

3. Defendant had agreed to erect a building for plaintiffs' occupancy. The time fixed for its completion appears to have been waived by the acts of the parties. By reason of delay in such completion, plaintiffs notified the defendant that because of his breach of contract to complete the building with reasonable diligence they demanded a return of the full amount of the monthly payments theretofore made by them under the terms of the contract, and also that they would hold the defendant for further damage. No notice was given by the plaintiffs to the defendant requiring him to complete the building within a reasonable time specified in the notice or the contract would be rescinded. *Held*, that plaintiffs cannot recover the amount paid by them to defendant under the terms of the contract.

4. The defect in the plaintiffs' case is that they had not taken the preliminary steps necessary to exercise the right of rescission, and

hence testimony with reference to the matter of the time of completion of the building and the matter of making payments was properly excluded, since it was not offered to remedy that defect.

 *Taylor* v. *Goelet*, 142 App. Div. 467, affirmed.

(Argued March 13, 1913; decided April 22, 1913.)

APPEAL from a judgment entered February 28, 1911, upon an order of the Appellate Division of the Supreme Court in the first judicial department, overruling plaintiffs' exceptions, ordered to be heard in the first instance by the Appellate Division, and directing judgment in favor of defendant upon the dismissal of the complaint by the court at Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin G. Paskus* for appellants. A contract which does not by its terms fix a definite time for performance requires performance within a reasonable time from the date of the contract, and in case of default there is no necessity for formal notice to complete at a future definite date as a condition precedent to action based on such default. (*Abbey* v. *Mace*, 19 N. Y. Supp. 375; 141 N. Y. 574.) The doctrine that a contract with no fixed date for completion must be performed not within a reasonable time from the date of the contract, but within a reasonable time from the date of a notice definitely specifying such time, is opposed both to reason and authority, and is based on erroneous analogy to a different line of cases. (*Wyckoff* v. *Taylor*, 13 App. Div. 240; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30; *Pitts* v. *Davey*, 40 Misc. Rep. 96; *G. S. & C. Co.* v. *Goelet*, 149 App. Div. 80.) Although the plaintiffs did not serve a formal notice demanding performance by a specified future date, the record shows, as a matter of fact, that performance was demanded upon their part and that the defendant failed to perform within a reasonable time thereafter. (*Lawson* v. *Hogan*, 93 N. Y. 39.) The trial court held that

the defendant was obligated to perform within a reasonable time from the date of the contract, but that the payments made by the plaintiffs to the defendant after the expiration of that time operated as a waiver or an indefinite extension of the time, so that thereafter the defendant was entitled to a definite notice fixing a future specified date for completion. In this view of the case error was committed in excluding proof of the circumstances attending the making of the payments upon which the court's finding of waiver was based. (*Johnson* v. *Oppenheim*, 55 N. Y. 280; *Davison* v. *Jersey Co.*, 71 N. Y. 333; *Clark* v. *West*, 193 N. Y. 349; *Kiernan* v. *D. C. M. Ins. Co.*, 150 N. Y. 190; *Zeller* v. *Leiter*, 189 N. Y. 361; *Peck* v. *D. W. Co.*, 10 N. Y. Supp. 401; *West* v. *Wright*, 86 Hun, 436; *Dwight* v. *Badgley*, 75 Hun, 174; *Glazer* v. *Home Ins. Co.*, 190 N. Y. 6; *Sheehan* v. *Board of Education*, 120 App. Div. 557; *Osborn* v. *Gantz*, 60 N. Y. 540; *Hammett* v. *Linneman*, 48 N. Y. 399; *Dows* v. *Kidder*, 84 N. Y. 121; *Empire State Type Co.* v. *Brandt*, 114 N. Y. 40.)

*Frederick Hulse* for respondent. When time is not of the essence of a contract, in order to forfeit the rights of one of the parties thereunder, notice must be given him by the other requiring performance within some reasonable time therein specified, and stating that, in case of default, his rights will be deemed forfeited. (*Meyers* v. *De Mier*, 52 N. Y. 647; *Lawson* v. *Hogan*, 93 N. Y. 39; *Schmidt* v. *Reed*, 132 N. Y. 108; *McTague* v. *Sea Isle & C. L. B. Assn.*, 57 N. J. L. 427; *Dillon* v. *Masterson*, 7 J. & S. 133; 10 J. & S. 176, 180; *Darrow* v. *Cornell*, 12 App. Div. 604; 30 App. Div. 115; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30; *Wyckoff* v. *Woarms*, 118 App. Div. 699; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Harris* v. *Troup*, 8 Paige, 422; *Barnett* v. *Sussman*, 116 App. Div. 859; *Cythe* v. *La Fontain*, 51 Barb. 186, 191; *Davidson* v. *Associates of the New Jersey Co.*, 71 N. Y. 333;

*Hubbell* v. *Von Schœning*, 2 Hun, 376; *Foland* v. *Italian Savings Bank*, 123 App. Div. 598; *Hun* v. *Bourdon*, 57 App. Div. 351.)

CUDDEBACK, J. On May 10th, 1906, the defendant entered into a contract with the plaintiffs, whereby he agreed to erect a building upon land owned by him, and when the building was completed to lease the premises to the plaintiffs for a term of twenty years at an annual ground rent of $42,000, and in addition an annual rental of six per cent on the cost of the building. The contract provided that the building should be erected according to plans and specifications prepared by the plaintiff Andrews, who is an architect, and approved by the defendant. The plaintiffs agreed to take a lease of the premises for the period and at the rental mentioned on the completion of the building, and in the meantime, beginning with the date of the contract, to pay the defendant $2,500 a month.

There was a provision in the agreement fixing the sum of $60,000 as liquidated damages for a breach of the contract by the plaintiffs, and the payments of $2,500 a month were to be applied in satisfaction of such liquidated damages if liability for the same accrued. The contract required the plaintiffs to furnish security for the rent, and on the execution of the lease and the furnishing of such security the amount of the monthly payments theretofore made by the plaintiffs was to be returned to them. There are other provisions of the agreement not material to the questions before the court, but the contract was entirely silent as to the time when the defendant should complete the building.

This action was brought by the plaintiffs to recover the sum of $52,788, the amount of the monthly payments up to February, 1908. The complaint alleges that the defendant failed to complete the building and lease the same to the plaintiffs within a reasonable time,

according to the terms and provisions of the contract, and, therefore, the plaintiffs have elected to rescind the agreement and recover back the money paid thereon.

It was proved on the trial that in August, 1906, the defendant entered into a contract with the General Supply and Construction Company, a corporation of which the plaintiff Taylor was president, for the erection of a building on the land in question according to plans and specifications prepared by the plaintiff Andrews and approved by the defendant. This contract provided that the building should be completely finished and ready for occupancy on or before July 1st, 1907, and the contract price was about $378,000.

The work of constructing the building was then begun and it proceeded slowly with the plaintiff Taylor personally in charge. July 1st, 1907, was a reasonable time limit to allow for the erection of the building but it was still unfinished in February, 1908. The plaintiffs had in the meantime made the monthly payments which then amounted to the sum sued for, $52,788. The last payment was made on February 17th.

At about that time the plaintiff Taylor, in a conversation with the defendant, spoke of the backward condition of the work on the building and of the interference by the defendant with the sub-contractors, and said that unless the quibbling stopped and the job got under way he and Andrews wanted their money back and would rescind the contract. The witness continued:

" We went over the usual story as to what had happened during the preceding year. We spoke about the general delay on the building and the slow progress which had been made from the very start. The sum and substance of our conversation was to the effect that the building was going on very slowly and that Mr. Andrews and myself had considerable money at stake in the venture and that we could not be expected to continue with the project the way the building was progressing at that

17

time. That was all there was to it and it did not result in anything."

It would then have required from ten to fourteen weeks to complete the structure. Thereafter and until March 21st, following, the contractors continued work on the building but the general progress was slow. On March 21st the defendant ejected the contractor and the plaintiff Taylor from the premises and proceeded with the work himself.

On April 8th, 1908, the plaintiffs notified the defendant that because of his breach of contract to complete the building with reasonable diligence they demanded a return of the full amount of the monthly payments theretofore made, and also that they would hold the defendant for further damage.

No notice was given by the plaintiffs to the defendant requiring him to complete the building within a reasonable time specified in the notice or the contract would be rescinded. At the conclusion of the plaintiffs' evidence the defendant moved to dismiss the complaint for failure to give such notice, and the motion was granted.

This court has held that where an executory contract fixes the time within which it is to be performed and performance within that time is waived by the parties to the agreement, neither party can thereafter rescind the contract on account of such delay without notice to the other requiring performance within a reasonable time, to be specified in the notice, or the contract will be abrogated. By the waiver time as an essential element of the contract has been removed therefrom, but it can be restored by a reasonable notice demanding performance and stating that the contract will be rescinded if the notice is not complied with. (*Lawson* v. *Hogan,* 93 N. Y. 39; *Schmidt* v. *Reed,* 132 N. Y. 108.)

The plaintiffs do not dispute this rule of law, but contend that it does not apply when time is not of the essence of the contract as originally made. No such distinction

appears in the decisions of the courts. (Halsbury's Laws of England, vol. VII, page 415, § 855; Leake's Digest of the Law of Contracts, p. 851; *McTague* v. *Sea Isle City Lot & Building Assoc.*, 57 N. J. L. 427; *Myers* v. *De Mier*, 52 N. Y. 647; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 186 N. Y. 89.)

The basis of the rule requiring notice of intention to rescind is to be found in the reluctance of the courts to enforce penalties and forfeitures in matters of contract. The courts generally require the party complaining of a breach of contract to prove his actual damages and limit his recovery to the amount thereof. Courts do not allow a rescission of the contract for mere delay in performance unless the parties have made time of the essence of the contract. (*Lawson* v. *Hogan, supra.*) The rule would seem to apply as aptly to contracts which when made leave indefinite the time of performance as to contracts from which time as an essential element has been removed by acquiescence of the parties.

Time is not of the essence of a contract which is to be performed within a reasonable time, but either party can make it so whenever he desires by simply giving notice to that effect. If notice is not given the contract continues in force. It may be sued on as an existing contract and damages for its breach recovered. But it cannot be treated as at an end and a forfeiture enforced. (*McTague* v. *Sea Isle City Lot & Building Assoc., supra.*) The rule is a just one and is necessary to protect the unwary.

It is to be understood, however, that the notice of intention to rescind is only necessary when the party to the contract proceeded against has merely delayed performance, not where he has abandoned the contract, or treated it as terminated, or where he has refused to perform. (Ibid.)

In the case now before the court the date for the completion of the building was not fixed and time was not of the essence of the contract. It had not been proved that

notice was given by the plaintiffs to the defendant to complete the building within a reasonable specified time or the contract would be rescinded; therefore, the complaint was properly dismissed.

The plaintiffs' counsel claims that the conversation had between the plaintiff Taylor and the defendant early in February, 1908, was a notice on the part of the plaintiffs to the defendant to complete the contract within a reasonable time or it would be rescinded. Plainly the conversation merely shows delay and complaint about delay. It specified no definite time to complete the building, and was not such a warning to the defendant as the law requires. (*St. Regis Paper Co.* v. *Santa Clara Lumber Co., supra.*)

The plaintiffs complain of the court's ruling on a question of evidence. Just before the complaint was dismissed, the plaintiff Taylor was on the witness stand and he had testified that during the fall of 1907 and early part of 1908 he had talked with the defendant about the progress of work on the building and the time of its completion. He was then asked to give the conversations "with reference to the matter of the time of completion of this building and the matter of making payments." The court excluded the testimony on the defendant's objection. In the colloquy between the court and the plaintiffs' counsel which followed, the counsel said that the testimony was offered "for the purpose of explaining or showing the intention with which such payments were made." It was not pretended that the testimony would show any notice to the defendant requiring him to proceed with diligence and perform the contract by a specified date or it would be rescinded.

This testimony might have been proper for some purposes, but under the circumstances appearing in the record the ruling of the court was not erroneous. It was not claimed that the plaintiffs had waived their right to rescind the contract by continuing the monthly payments.

The defect in the plaintiffs' case was that they had not taken the preliminary steps necessary to exercise the right of rescission and the testimony was not offered to remedy that defect; otherwise, as the court plainly intimated, the testimony would have been admitted.

I recommend that the order and judgment appealed from be affirmed, with costs.

GRAY, WERNER and COLLIN, JJ., concur; CULLEN, Ch., J., and HISCOCK, J., dissent; MILLER, J., not sitting.

Order and judgment affirmed.