GEORGE S. MAWHINNEY, Appellant, *v.* MILLBROOK WOOLEN MILLS, INC., Respondent.

Second Department, June 9, 1922.

Sales — action by buyer for breach of contract — seller not liable where performance rendered impossible by government contract entitled to priority by virtue of National Defense Act.

In an action to recover damages for the failure of the defendant to deliver goods sold to the plaintiff under a contract which specified the dates of delivery, where it appeared that the plaintiff waived the time of performance and did not thereafter fix a date for delivery, it is a good defense that a contract entered into between the defendant and the government, which was entitled to priority by virtue of the National Defense Act, prevented the defendant from performing his contract with the plaintiff.

The evidence warranted the court in holding, as matter of law, that the performance of the contract with the plaintiff was rendered impossible by the government contract.

KELLY, J., dissents.

APPEAL by the plaintiff, George S. Mawhinney, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 19th day of November, 1921, upon the verdict of a jury rendered by direction of the court.

*Thomas G. Prioleau,* for the appellant.

*Roderic Wellman,* for the respondent.

PER CURIAM:

The Court of Appeals has laid down the law of this case to the effect that the government contracts, beginning with the one of May 11, 1917, took precedence of civilian contracts, and, in so far as they prevented performance of plaintiff's contract, constituted a good defense for the delay or cancellation of it. (231 N. Y. 290.) Time was of the essence of the contract between plaintiff and defendant. The defendant contracted to deliver the goods in May, June and July. Whether the government contracts of May eleventh and July twenty-second, taking precedence of plaintiff's contract, caused delay or prevented performance of it in whole or in part, would have been a question of fact on the evidence. But plaintiff

waived the time of performance by letters of August 24, October 4 and October 17, 1917. The defendant, therefore, had a reasonable time after October seventeenth to deliver the goods, and such time was never fixed by notice under the doctrine of *Taylor* v. *Goelet* (208 N. Y. 253), but was left indefinite. Meanwhile still another government contract was made on August twenty-fifth, and the evidence warranted the court in holding as matter of law that performance of plaintiff's contract was then rendered impossible by the government contracts with the effect given them by the National Defense Act (39 U. S. Stat. at Large, 213, § 120) as interpreted by the Court of Appeals.

The judgment should be affirmed, with costs.

BLACKMAR, P. J., RICH, JAYCOX and MANNING, JJ., concur; KELLY, J., votes to reverse on the ground that the letters of the plaintiff did not constitute a waiver of the original date of delivery under *Taylor* v. *Goelet* (208 N. Y. 253) as matter of law, and also because it was a question of fact whether the war orders prevented the performance of plaintiff's contract.

Judgment affirmed, with costs.