THE JOHN F. TRAINOR COMPANY, Respondent, *v.* G. AMSINCK & CO., INC., Appellant.

Sale — executory contract of sale — rescission — sale of goods, delivery to be made within a reasonable time — such condition absolute and if not complied with buyer may refuse to proceed with the contract — whether goods have been delivered within a reasonable time question of fact.

1. It is the general rule as to rescission of executory contracts that one party may not avail himself of this remedy because of a slight breach but only for one substantial and essential. If by the contract itself the date of performance is fixed, then time is essential and failure to perform on the day indicated is ground for a rescission. But if no time is fixed then performance must be had within a reasonable time.

2. Where, by a contract to sell, the seller is bound to deliver the goods to the buyer, but no time is fixed, the seller must tender them within a reasonable time, and where an executory contract for the purchase and sale of goods provides that the delivery must be made within a reasonable time, such contract under the statute (Pers. Prop. Law [Cons. Laws, ch. 41], § 124) does provide for delivery at a future time just as effectually as if that future time was fixed by date. The duty of the seller is absolute. The provision as to the delivery within a reasonable time is a condition. It may be waived, and if waived it may not again be imposed without notice. If not waived, however, the buyer may refuse to proceed with the contract. It is, therefore, a question of fact, in an action for the rescission of such a contract, whether the goods were delivered within a reasonable time. If the jury find that they were not, the buyer has a right to rescind the contract. (*Taylor* v. *Goelet*, 208 N. Y. 253, explained; *Mawhinney* v. *Millbrook Woolen Mills*, 234 N. Y. 244, approved.)

*Trainor Co.* v. *Amsinck & Co., Inc.*, 205 App. Div. 840, reversed.

(Argued May 8, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 2, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*Vermont Hatch* and *Ferdinand Jelke, 3d,* for appellant. Where a contract for the sale of goods provides for no time within which it is to be performed, the law implies that it is to be performed within a reasonable time. (Pers. Prop. Law, § 124; Benjamin on Sales, [7th ed.] § 683; *Jones* v. *Gibbons,* 8 Ex. 920; Chitty on Cont. [11th ed.] 434.) The vendor of goods under a contract to be performed within a reasonable time, where nothing has to be done by the vendee before the goods are delivered, must, as a matter of law, show that he tendered performance within a reasonable time before he is entitled to sue upon the contract. (*Ellis* v. *Thompson,* 3 M. & W. 445; *Hoffman* v. *Tribune Pub. Co.,* 65 Wash. 467; *Hume* v. *Mullins,* 35 S. W. Rep. 551; *Pope* v. *T. H. C. & M. Co.,* 107 N. Y. 61; *Eppens, Smith & Weimann Co.* v. *Littlejohn,* 27 App. Div. 22; *Cohen & Sons* v. *Lurie Woolen Co.,* 232 N. Y. 112.)

*William C. Gehring* and *Melvin G. Palliser* for respondent. The rulings of the trial justice were correct and in accord with law. (*Taylor* v. *Goelet,* 208 N. Y. 253; *Myers* v. *De Mier,* 52 N. Y. 647; *Lawson* v. *Hogan,* 93 N. Y. 39; *Schmidt* v. *Reed,* 132 N. Y. 108; *Mawhinney* v. *M. W. Mills,* 234 N. Y. 244; *Brede* v. *Rosedale Terrace Co.,* 216 N. Y. 246; *Sturges & Burn Mfg. Co.* v. *American Separator Co.,* 158 App. Div. 63; 171 App. Div. 431; *McCloat* v. *Floral Park Villa Co.,* 177 App. Div. 865; *American Metal Co., Ltd.,* v. *Neuman,* 184 App. Div. 229; *Miller* v. *Ungerer & Co.,* 188 App. Div. 655; *Erdreich* v. *Zimmermann,* 190 App. Div. 443; *Pierson* v. *American Steel Export Co.,* 194 App. Div. 555.)

ANDREWS, J. We have here presented squarely the question whether under an executory contract for the purchase and sale of goods, delivery to be made within a reasonable time, the vendee after waiting for what in fact is such a time, may rescind the contract because of non-delivery, or whether he must make a demand for

delivery before a reasonable date thereafter fixed by him and may only rescind if this demand is not complied with.

The general rule as to rescission of executory contracts is well understood. One party may not avail himself of this remedy because of a slight breach but only for one substantial and essential. (*Fossume* v. *Requa*, 218 N. Y. 339.) If by the contract itself the date of performance is fixed, then time is essential and failure to perform on the day indicated is ground for a rescission. (Williston on Contracts, § 847.) But if no time is fixed then performance must be had within a reasonable time.

In *Taylor* v. *Goelet* (208 N. Y. 253) we said that where an executory contract fixes the time within which it is to be performed and performance within that time is waived neither party can then rescind for delay without notice to the other requiring performance within a reasonable time to be specified in the notice. There is no doubt as to the correctness of this rule. It was decisive of the case then before us. A building was to be completed within a reasonable time. Work began and proceeded. Later one party attempted to rescind because of delay. It was held that he might not do so. He might not by failure to act at once lure the other to continue under the belief that prompt performance was waived. (Williston on Contracts, § 741.) It was not a case where nothing had been done, where a reasonable time had expired and when then an attempted rescission was made. In support of this rule we cited *Lawson* v. *Hogan* (93 N. Y. 39) and *Schmidt* v. *Reed* (132 N. Y. 108), the latter case, however, referring to a contract for the sale of land. A similar result was reached in *Brede* v. *Rosedale Terrace Co.* (216 N. Y. 246) and we there cited *Taylor* v. *Goelet* as authority for the rule that " where a contract involving successive or continued acts is to be performed within a reasonable time, delay, though it will give a cause of action for damages, will not always permit rescission."

But we did go further in *Taylor* v. *Goelet* than the particular case required. Speaking generally of all executory contracts we said there could be no rescission for delay unless time was the essence of the contract. If the agreement explicitly or impliedly was for performance within a reasonable time it never is of the essence. It can only be made so by subsequent notice. In any event the statement is too broad. It does not apply to cases requiring the delivery of articles of speculative and fluctuating value. We have held it does not apply to contracts relating to cable transfers of exchange. Nor does it apply to ordinary contracts of sale where there is no waiver — nothing to induce a party to proceed in the belief that he is not to be held strictly to the time stated.

This is the meaning of *Mawhinney* v. *Millbrook Woolen Mills* (234 N. Y. 244). We there said that the rules on this subject are elementary. Where a contractor for the manufacture and sale of goods provides for delivery on a time fixed in the contract for the full completion thereof, and the seller fails to perform by the day so fixed, the buyer may insist on his strict legal right and put an end to the contract. If, however, he extends the time fixed for performance for an indefinite period, the buyer may not put an end to the contract on account of delay without giving notice to the seller that in default of performance within a reasonable time, to be specified in the notice, the contract will be abrogated.

Where by a contract to sell the seller is bound to deliver the goods to the buyer but no time for delivery is fixed, the seller must tender them within a reasonable time. (Personal Property Law [Cons. Laws, ch. 41], § 124.) Under this statute the contract such as the one in the case before us does provide for delivery at a future time just as effectually as if that future time was fixed by date. The duty of the seller is absolute. He has not been deceived by any action of the buyer or led to believe that strict

compliance with the contract is not to be insisted upon. The provision as to the delivery within a reasonable time is a condition. It may be waived, and if waived it may not again be imposed without notice. If not waived, however, the buyer may refuse to proceed with the contract. (*Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61; *Eppens, Smith & Wiemann Co.* v. *Littlejohn*, 164 N. Y. 187.) It was, therefore, in the case at bar a question of fact whether the goods were delivered within a reasonable time. If the jury found they were not the buyer had a right to rescind the contract. The judgment appealed from must be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and CRANE, JJ., concur; CARDOZO, J., concurs in result.

Judgment reversed, etc.