## GINGER, Appellant, v. SMITH et al, Respondents.

### (196 N. W. 298.)

(File No. 5280.   Opinion filed December 21, 1923.)

1. **Vendor and Purchaser—Rescission—Contract Held Not Subject to Rescission for Failure to Perfect Title.**

    A contract for sale of land and implements held not subject to rescission for failure to cure defects in the title upon offering to reconvey the land, but not the implements, and paying vendor for use of property, where it was almost impossible to place vendor in statu quo and reasonableness of compensation for use of land could be determined only by taking evidence as to value thereof.

2. **Vendor and Purchaser—Waiver—Performance of Contract and Right of Forfeiture Waived by Paying Interest on Mortgage Note.**

    Where vendor in a contract of sale agreed to perfect the title within six months, purchaser by thereafter paying interest on a note given as part of the price waived performance of the provision and any right of forfeiture that existed up to date of payment of interest.

3. **Vendor and Purchaser—Forfeiture—After Waiving Provision as to Time for Curing Title, Demand Necessary to Declare Forfeiture.**

    After waiving forfeiture of a land contract for failure to cure defects in the title by a certain date, it is necessary to make a demand on defaulting party before forfeiture can be declared.

4. **Vendor and Purchaser—Contracts—Vendor Failing to Perfect Title as Provided, Purchaser May Do So at Vendor's Expense.**

    In a contract for sale of land whereby vendor agreed to perfect title within six months, and part of purchase price was deposited to be paid upon perfection of title, purchaser, upon vendor's failure might cure the defects himself and use deposit so far as necessary for that purpose.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

Action by William Ginger against Charles H. Smith and others to rescind a contract of sale. Demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

*Helm & Lewis,* of Hot Springs, for Appellant.

*Williams & Sweet,* of Rapid City, for Respondent.

(1)  To point one of the opinion, Appellant cited:  Rev. Code 1919, Sec. 2024, Sec. 904; Black on Rescission, Sec. 196; 30 Cyc. 1433-1445.

Respondent cited:  Babcock v. Farwell, 245 Ill. 14; 19 Am. & Eng. Cases Ann. 81; Grymes v. Sanders (U. S.), 23 Law ed. 802; Lovell v. McCaughey, 8 S. D. 471; 9 Cyc. 437; 6 R. C. L. Sec. 319; 39 Cyc. 1436.

(3)  To point three, Respondent cited:  Haylor et al v. Goelet, 208 N. Y. 253, 34 Ann. Cas. 1914D; McTague v. Sea Isle City Lot & Bldg. Assn., 57 N. J. L. 427; 13 C. J. 625; 6 R. C. L. Sec. 312; Rutland Marble Co. v. Ripley (U. S.), Law ed. 960; 39 Cyc. 1413; Elliott on Contracts, Vol. 3, Sec. 2438.

POLLEY, J.  This action is brought to rescind a contract for the sale of a half section of land, and certain farming implements, in Fall River county.  The contract is dated February 25, 1920.  The total consideration named is $25,600.  The terms of payment are not material, except the following provision, to wit:

"The balance of said purchase price in the sum of $6,100 is to be deposited in the Stockman's Bank at Hot Springs, S. D., to be paid to the parties of the first part as soon as the titles to said lands are perfected and abstracts of title furnished showing good and perfect titles thereto in the parties of the first part, clear and free of all liens and incumbrances whatever, and approved by Messrs. Buell & Denu, attorneys at law, of Rapid City, S. D.

"Whereas there is some defect in said titles, the parties of the first part agree to proceed with reasonable diligence to perfect the titles to said lands so that the same may be perfected and proper abstracts furnished on or before September 1, 1920; it being understood that the titles will be perfected with all reasonable diligence."

The deed conveying title to the land was executed and delivered to plaintiff on or about the 1st day of March, 1920, and on that date plaintiff executed and delivered to defendant a note and mortgage for $12,000.  Plaintiff paid the first year's interest of $720 on the $12,000 note, but defendant appears to have taken

no steps to perfect the title to the land nor to furnish abstracts of title as provided for by the terms of the contract.

On or about the 11th day of October, 1921, plaintiff caused to be served upon defendant a notice of rescission of the said contract, in which notice he offered to reconvey title to the property to defendant and offered to pay defendant $2,000 for the use of the land during the time it had been occupied by plaintiff. This tender was conditioned upon the return to plaintiff of all the money, including the $720 interest on the $12,000 note and mortgage, that had been paid by plaintiff on account of the purchase of the land. The ground for such rescission, as stated in said notice, was that defendant "failed to perfect title to the premises therein described, though more than one year has elapsed since the date you promised to deliver, to the undersigned, good and perfect title thereto."

Defendant demurred to the complaint on the ground that the said complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

[1] We are of the opinion that the facts set out in the complaint do not entitle plaintiff to the relief demanded, nor to any relief. The transactions arising out of the contract are of such nature that it would be very difficult, if not impossible, to place defendant in the same position as before the making of the contract. Whether the amount offered by plaintiff as compensation for the use of the land is a reasonable amount for that purpose could be determined only by the taking of evidence as to the value thereof, and the offer of restitution made by plaintiff does not include any of the farm implements that were left on the place by defendant.

[2, 3] By the terms of the contract the defendant was to proceed with reasonable diligence to perfect the title to the land and was to have such title perfected on or before the 1st day of September, 1920; but this was a provision that could be waived by plaintiff, and by his conduct he did waive performance within the time specified in the contract. Had he intended to stand upon the strict letter of the contract, he would not have paid a year's interest on the $12,000 note until the title had been perfected and abstracts delivered. The payment of this interest waived any forfeiture that may have existed up to that date, and, before

plaintiff could have declared a forfeiture thereafter, it was necessary to put defendant in default by the making of a demand on defendant to proceed with such steps as might be necessary to remove the existing defects in the title.

"Time is not of the essence of a contract which is to be performed within a reasonable time, but either party can make it so whenever he desires by simply giving notice to that effect. If notice is not given the contract continues in force. It may be sued on as an existing contract and damages for its breach recovered. But it cannot be treated as at an end and a forfeiture enforced. (McTague v. Sea Isle City Lot & Building Asso., supra.) The rule is a just one and is necessary to protect the unwary." Taylor v. Goelet, 208 N. Y. 253, 101 N. E. 867, Ann. Cas. 1914D, 284.

[4] What the defect in the title to the land is does not appear, but it is not claimed that plaintiff cannot, by appropriate steps, cause the removal of such defect as well as defendant, and if, within a reasonable time after demand, defendant does not proceed to take the necessary steps to clear said title, then plaintiff himself may do so, and the $6,100 on deposit in the Stockman's Bank may be used, so far as necessary, for that purpose.

The judgment appealed from is affirmed.

Note.—Reported in 196 N. W. 298. See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 116, 39 Cyc. 1423, 1424; (2) Vendor and purchaser, Key-Nos. 114, 143, 39 Cyc. 1433, 1535; (3) Vendor and purchaser, Key-No. 120, 39 Cyc. 1431; (4) Vendor and purchaser, Key-No. 144(3), 39 Cyc. 1536 (see 1925 Anno.).

On acceptance of deed with knowledge of defects in title as waiver of purchaser's right to rescind contract, see note in 30 L. R. A. (N. S.) 879.

On right of purchaser in possession to rescind in action for defective title, see note in 21 L. R. A. (N. S.) 395.