THE MAINTENANCE COMPANY, INC., Respondent, *v.* PATRICK LANGAN and Another, Appellants.

Supreme Court, Appellate Term, First Department, May 28, 1925.

Contracts — rescission — action to recover advance payment for second year under contract for inspection and repair of defendants' elevator — contract provided for automatic renewal from year to year — failure of defendants to give express renewal of agreement after failure of performance by plaintiff for first year, warrants dismissal of complaint.

In an action to recover an advance payment for the second year under a contract for the inspection and repair of defendants' elevator, the complaint should be dismissed, where it appears that the contract contained a provision that it should be automatically renewed from year to year unless defendants notified plaintiff thirty days prior to any expiration; that the plaintiff did not perform its agreement for the first year; and that there is no evidence of an express renewal by the defendants or of a waiver by them of plaintiff's non-performance during the first year.

COTILLO, J., dissents, with opinion.

APPEAL by defendants from a judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of plaintiff, after a trial by a judge without a jury.

*Patrick J. McDonald*, for the appellants.

*Barker D. Leich*, for the respondent.

PER CURIAM:

This action was brought to recover an advance payment for a second year under an agreement by the terms of which plaintiff contracted to inspect and repair defendants' elevator. The contract provided that it should be automatically renewed from year to year

unless the defendants notified the plaintiff thirty days prior to any expiration.

The learned judge below has found that the plaintiff did not perform its agreement for the first year. From this finding it follows that the plaintiff has no further rights under the agreement unless there was an express renewal by the defendants of which there is no evidence at all or a waiver by the defendants of plaintiff's non-performance during the first year. The learned judge below was of opinion that the fact that the defendants had notified the plaintiff of their election not to renew (such notice being manifestly belated under the contract) was evidence of a waiver. We are unable to concur in this view.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

BIJUR and MULLAN, JJ., concur; COTILLO, J., dissents in opinion.

COTILLO, J. (dissenting):

This action is one brought to recover the sum of $215, a cash payment which became unconditionally due from the defendants to the plaintiff on January 3, 1923, as a payment " in advance " under a written contract with the defendants dated January 3, 1922. On January 3, 1922, the defendants executed a written application for the issuance of the contract and the contract was entered into on the same date. By the terms of the " contract " the application therefor was made a part of the contract itself. That portion of the application involved in this case reads as follows:

" The undersigned [meaning the defendants] hereby make application to the Maintenance Company Inc. [the plaintiff] for their contract for inspection and maintenance for one or more years from date, covering the property herein described, said description being considered as warranties and hereby agree to pay $215 per annum, payable annually in advance, in consideration of the services therein provided for." The contract itself contains the following clauses:

" This agreement is made in consideration of the written application for this contract dated January 3, 1922, and in further consideration of the sum of Two hundred and fifteen dollars ($215.00) to be paid on the delivery of this contract, and a like sum to be paid on the third day of January, 1923, and in every year thereafter during the continuation of this contract."

" It is understood and agreed that this contract shall continue from year to year at the annual charge as herein specified and unless written notice of termination is given by either party hereto, to the other, thirty days prior to any succeeding annual term date."

I cannot agree with the findings of my learned associates that a breach of the contract for the first year left the plaintiff without any rights under the agreement unless there was an express renewal by the defendants. The contract itself provides the only method by which the defendants could cancel the contract, that is, by a notice thirty days before the annual term date. Furthermore the defendants accepted the services of the plaintiff for the first four months of the year 1923. This in itself would in my opinion constitute a specific renewal in spite of the attempted cancellation which the court found was sent by the defendants on January 3, 1923, or thirty days after the time specified in the contract.

Any alleged non-performance or breach of the contract for the year 1922 was waived by the defendants.

The rules affecting *rescission of executory contracts* and *waiver* have been clearly established by the courts of this State.

In *Taylor* v. *Goelet* (208 N. Y. 253, 258) the court said: " This court has held that where an executory contract fixes the time within which it is to be performed and performance within that time is waived by the parties to the agreement, neither party can thereafter rescind the contract on account of such delay without notice to the other requiring performance within a reasonable time, to be specified in the notice, or the contract will be abrogated. By the waiver time as an essential element of the contract has been removed therefrom, but it can be restored by a reasonable notice demanding performance and stating that the contract will be rescinded if the notice is not complied with. (*Lawson* v. *Hogan,* 93 N. Y. 39; *Schmidt* v. *Reed,* 132 N. Y. 108.) " To the same effect is *Trainor Co.* v. *Amsinck & Co., Inc.* (236 N. Y. 392–394), where the court said: " The general rule as to rescission of executory contracts is well understood. One party may not avail himself of this remedy because of a *slight breach* but only for one substantial and essential." (See, also, *Brede* v. *Rosedale Terrace Co.,* 216 N. Y. 249, where the court said: " Where a contract involving successive or continued acts is to be performed within a reasonable time, delay, though it will give rise to a cause of action for damages, will not always permit rescission. *The conduct of the parties, while the delay continues, may be such as to indicate a purpose to keep the contract alive; and such a purpose, once manifested, may not be suddenly abandoned.*")

Under the facts proved on the trial I believe the judgment of the lower court was sound and that the judgment should be affirmed, with costs.

Judgment reversed.