GUENTNER and another, Appellants, vs. GNAGI and others, Respondents.

*January 9—February 6, 1951.*

388

*A. L. Skolnik* of Milwaukee, for the appellants.

For the respondents there was a brief by *Bruce M. Blum* of Monroe, attorney, and *Clifford G. Mathys* of Madison of counsel, and oral argument by *Mr. Mathys.*

FAIRCHILD, J. The letters written by the defendants' agent, Mr. Scherer, to the plaintiffs do not sustain any finding of fact warranting the conclusion reached by the trial court that "the conduct of the defendants was not such as to estop them from complaining of the plaintiffs' delay or constitute a waiver of delay." On the contrary, there was no demand on the plaintiffs to finish the work within a specified and reasonable time by any notice of a determination to have a fixed result. The plaintiffs had every reason to believe that their method, slow and perhaps unsatisfactory as it was, would prove acceptable to the defendants until the peremptory notice of dismissal or rescission was received by them. It is a fact that the work was not completed at the time of the at-

tempted rescission, but a few days, as it appears from the testimony, would have been sufficient.

As it is certain that the delay of the plaintiffs was not only tolerated but quite definitely excused under circumstances encouraging them to continue, the liability of the defendants to pay for such services exists. No notice of an intention on defendants' part to terminate the contract for failure to complete the work within a reasonable time was ever given. A proper notice giving a reasonable time for completion, such as is required by the circumstances chargeable to the defendants, should have been given. This failure is relied on by the plaintiffs for their cause of action on *quantum meruit*. Here again any other finding of fact is and would be contrary to the great weight and clear preponderance of the evidence.

The complaint in this action asks for payment of services rendered between the 1st day of January, 1947, and the 15th day of July, 1948. As already stated, the services were rendered under circumstances visiting an obligation on the defendants. There was no time of completion fixed by the contract. Not only were the defendants, up to August 27, 1948, indifferent to the ending of the matter by the completion of the audit, but because of their letters and actions we must hold that they urged plaintiffs to continue with the work. The situation thus resulting must be ruled due to acts chargeable to defendants. Time as an essential element seems never to have been emphasized or brought into existence so far as the terms of the contract are concerned. This is a defect in defendants' case. The inquiry is not what, under other circumstances, the plaintiffs would be entitled to recover, but what they are to have for the work they were permitted to perform under an understanding which gave them a right to compensation. The rule is that there may be a recovery for part performance allowed on *quantum meruit* where the employer, notwithstanding a failure to fulfil in

point of time, has permitted the contractor, without objection, to proceed with the work. "It is also said that one who wishes to rescind must manifest his election to do so without undue delay, or the right will be lost. It seems probable, however, that this is true . . . where there is further performance due under the contract from the other party which in the absence of notice he might suppose would be accepted in spite of his prior breach." 5 Williston, Contracts (rev. ed.), p. 4110, sec. 1469.

It is considered that, where time of performance of a contract is not fixed or where time is waived by the parties, neither one of the contracting parties "can thereafter rescind the contract on account of such delay without notice to the other requiring performance within a reasonable time, to be specified in the notice, or the contract will be abrogated. By the waiver, time as an essential element of the contract has been removed therefrom, but it can be restored by a reasonable notice demanding performance and stating that the contract will be rescinded if the notice is not complied with." *Taylor v. Goelet* (1913), 208 N. Y. 253, 258, 101 N. E. 867. And the law expects such action on the part of one of the contracting parties who has, by his conduct, given occasion to the other party to the contract for relying on the waiver of a requirement of performance. "The right to rescind for delay may be waived. Where delayed performance of a contract is accepted, there can be no rescission. After a right to rescind for delay is waived, time becomes essential thereafter only if proper notice is given and demand is made." 12 Am. Jur., Contracts, p. 1023, sec. 441. "If a party means to rescind a contract because of the failure of the other party to perform it, he should give a clear notice of his intention to do so, and where time is not of the essence of the contract he must give the other party a reasonable time thereafter to comply, unless the contract itself dispenses with such notice or unless notice becomes unnecessary by reason of the con-

duct of the parties. So, where time for performance has been extended with no intention manifested to hold to literal performance,. or a provision wherein time is made of the essence is waived, notification and a reasonable time for compliance are necessary." 17 C. J. S., Contracts, p. 918, sec. 435.

The following quotation from 1 Black, Rescission and Cancellation (2d ed.), p. 623, sec. 219, supports our conclusion in this case: "Even where time is made the essence of the contract, this provision may be waived by the party for whose benefit or protection it is inserted, either expressly or by extending the time for payment or performance or by granting indulgence to the other party in this regard; and when such a waiver has been made, he cannot arbitrarily and summarily declare a forfeiture of the contract for delay, but must first demand payment or performance and give the other party a reasonable time and opportunity, after such demand, to comply." As the arrangement between the parties here did not specify the exact time at which performance was to be made, and the terms left the stipulations without definiteness, the interpretation as to the intention of the parties must be controlled by the meaning gathered from the surrounding circumstances. Where work is to be done and the provisions of the contract fix no time for the completion, a reasonable time is intended, and each extension, by word or acquiescence of a party, carries the same import. As said in 1 Williston, Contracts (rev. ed.), p. 112, sec. 40, the terms are "not too indefinite for enforcement because of the use of such . . . words of definition of the time of performance" and "the words must then be interpreted with reference to the particular circumstances of the case."

The foregoing conclusion is supported further by the fact, as appears from the evidence of both parties, that the defendants, from time to time while the auditing was in progress, requested and received information from the plaintiffs' work.

This leaves only the question as to the amount of the judgment, which must go in plaintiffs' favor. There is a substantial difference between the amount testified to by Guentner and the amount testified to by Mr. Guentner's former partner, Mr. Moritz. One fixed the amount at $1,548; the other testified that it should not exceed $700 or $800 or in that general neighborhood. The judgment dismissing the complaint must be reversed, and the cause remanded for the admeasuring of the damages on the basis of *quantum meruit*.

*By the Court.*—Judgment reversed. Cause remanded with directions to reinstate the complaint and proceed with the admeasuring of damages.