RODORN MANUFACTURING CORPORATION, Plaintiff, *v.* RUDEL MACHINERY COMPANY, INC., Defendant.

Supreme Court, Trial Term, Bronx County, June 8, 1955.

*Emanuel Silverman* and *Gerald Ordover* for plaintiff.

*Frederick vP. Bryan* and *John J. Turvey* for defendant.

McGIVERN, J. (orally). After argument and a rereading of the transcript of this somewhat protracted trial, I have, after also some reflection and study, decided to invoke section 457-a

of the Civil Practice Act, and without reference to the jury, direct a verdict in favor of the defendant.

It is my conclusion that the evidence, as developed during the trial, is insufficient to sustain a finding that a final date of performance was at any time mutually agreed upon and the internal evidence, as gleaned from the contractual documents, further demonstrates that no fixed, immovable date of delivery was ever envisaged by the parties.

The so-called proposal states that:

" The shipping date is an estimate only," and further states:

" The normal shipping date of equipment quoted herein dates from the receipt of a formal order and, in the case of special items, from receipt of complete information necessary to their design and manufacture."

The so-called schedule says:

" Shipment of this equipment could be made in ten weeks."

And the confirmation employs the words " Date wanted."

Thus the terminology of the basic agreements left open a fixed delivery date, and as the trial evidence reveals, none was ever mutually agreed upon.

To the contrary, it is clear that there was an indefinite extension of time for performance, that the parties themselves strove to accommodate each other, and that by May 25, 1953, there had been no firm fixation of a law day.

In addition, the plaintiff, by a course of repeated inquiries, persisted in until the very date of cancellation, plainly showed that the plaintiff also viewed the delivery date as movable and elastic. This course is inconsistent with the cutoff language of the May 25th letter. Indeed, even if the plaintiff's principal officer chose to expect delivery on June 1st, his thought processes were never revealed to the defendant, nor was the defendant put on notice, as it had a legal right to be, before exposure to cancellation and the consequences of damages.

In no event could the plaintiff thus unilaterally have imposed upon the defendant such a rigid requirement concerning the time for delivery. And the plaintiff's assumption that June 1st was the date of delivery was not sufficient to meet the exacting requirements that in order to create a fixed date of delivery the understanding must be clear, distinct, unequivocal and mutually recognized. And, as there was no firm date of delivery, the rule of *Taylor* v. *Goelet* (208 N. Y. 253) made it necessary for the plaintiff to serve notice upon the defendant that it would insist upon performance within a reasonable time after the giving of such notice. This long-established precedent precluded the

plaintiff from rescinding the contract, assigning delay as the reason, without first requiring performance within a reasonable time specified in the notice.

Violative of this rule, the cancellation notice of May 25th was a summary cutoff which deprived the defendant of a reasonable opportunity thereafter to perform, and an opportunity to which it was entitled. This is particularly pertinent herein, wherein there is no independent or other evidence to indicate that the defendant could not have performed within a reasonable time after May 25th, if it had been given an opportunity to do so.

The suggestion that it was free to consider that the defendant could not perform until August, which the plaintiff contends would not have been reasonable, is not supported by the evidence. Other than Ornstein, no witness adverted to such a protracted delay, and Ornstein's testimony of a conversation with Bratton on May 25th, to this effect, is at variance with his earlier testimony given in an examination before trial wherein he asserted that after May 4th, he spoke with no one at Rudel's.

And this theory of anticipatory breach, unsupported by the record, is destroyed by the language of the cancellation letter of May 25th, charging the defendant with failure to deliver as of that date.

This letter specifically assigns as the sole reason for cancellation the fact that '' The order has not been delivered as of this writing, although delivery is long overdue,'' and makes no reference to anticipated nondelivery in the future as a ground for cancellation.

When all this is considered, together with Ornstein's immortal aphorism, '' to lie is human,'' it seems fair to conclude his testimony is too slender a reed on which to permit this case to go to a jury on the theory of anticipatory breach. This court treats his testimony as scintilla evidence, and not sufficient to defeat a motion pursuant to section 457-a of the Civil Practice Act. I refer to page 250 of the Fifteenth Annual Report of N. Y. Judicial Council, interpreting section 457-a of the Civil Practice Act:

'' Insufficient evidence, as presently understood, does not mean absolutely no evidence but evidence which is so slight as to be in the eyes of the law no evidence; or differently stated, evidence which amounts to no more than a mere scintilla.''

It follows, therefore, that the plaintiff has failed to prove a breach of contract by the defendant.

Hence, it is unnecessary to consider whether or not the true motivation of the plaintiff's cancellation was the obtaining of

other equipment from other sources and the expectation that the Rudel equipment would no longer be needed. It is further worth noticing, however, in the opinion of the court, that the plaintiff's evidence of damage is so unsatisfactory as to be inadequate. But, in view of the foregoing, the motion to strike is academic.

It is enough to find, and I do so find, that the cancellation letter of May 25th brought the contract to an end, and relieved the defendant of the necessity of further performance before the defendant had committed any breach on its part. Accordingly, a verdict in favor of the defendant is directed, and the complaint is dismissed.

The court takes the liberty of assuming that in view of this disposition the defendant's counterclaim will be waived. Would you waive that on the record?

Defendant agreed to waive its counterclaim.

Plaintiff excepted to the decision of the court.