BONELLI v. PISANI et al.

(Supreme Court, Appellate Term, First Department.　May 9, 1916.)

1. SALES ☜415—REMEDY OF BUYER—ACTION FOR BREACH OF CONTRACT—DAMAGES.

In an action for partial failure to deliver California claret, purchased for resale, in order to recover special damages equal to the profits lost by the plaintiff because of his inability to fill orders, plaintiff must show as a part of his affirmative case that he could not procure other wine to fill the orders.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1170; Dec. Dig. ☜415.]

2. WITNESSES ☜406—COMPETENCY OF CONTRADICTORY EVIDENCE.

In an action for damages for partial failure to deliver California claret, purchased to conform to a sample and for resale, plaintiff having introduced testimony that there was a shortage of California claret and that he could not purchase it in the market, the exclusion of defendants' testimony that California claret was regularly offered for sale and at a definite market price at the time was erroneous.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1276–1279; Dec. Dig. ☜406.]

3. SALES ☜415—REMEDY OF BUYER—ACTIONS FOR BREACH OF CONTRACT—EVIDENCE—BURDEN OF PROOF.

In an action for damages for partial failure to deliver California claret, purchased for resale, the burden of proof was at all times on the plaintiff to show that he could not procure the claret in the market, and defendants were called upon merely to rebut the testimony offered by plaintiff to sustain the burden.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1170; Dec. Dig. ☜415.]

Whitaker, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Virgilio Bonelli against J. Alfred Pisani and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

William R. Hill, of New York City, for appellants.
Guido J. Giudici, of New York City, for respondent.

LEHMAN, J.　The defendants agreed to sell to the plaintiff 100 barrels of California claret to conform to sample. After delivering 15 barrels, the defendants refused to deliver more wine. The plaintiff had received orders from various parties for the entire amount sold, and there is evidence sufficient to sustain a finding that these orders were called to the attention of the defendants before the contract of sale was made.

[1-3] The plaintiff has now recovered a judgment for the profits which he lost by reason of his inability to fill these orders. Obviously he is not entitled to recover such damages, unless he proves that the defendants' breach of contract made it impossible to fill these orders; in other words, he must prove that, when the defendants failed to de-

liver the wine, he could not procure other wine to satisfy these orders. For this purpose the plaintiff produced testimony to show that he had tried to procure California claret from three out of four of the wine dealers who sell the largest amount of wine in the city of New York, and was informed that there was a shortage of California claret, and that they could supply only their own customers. Even if this testimony be regarded as sufficient to make out a prima facie case for special damages, it was clearly open to to the defendants to rebut it. For this purpose the defendants offered testimony to show that California claret was regularly offered for sale in New York and had a definite market price at that time. This testimony was excluded, on the ground that it did not tend to show that claret of the quality bought by the plaintiff could be procured in the market, and the only serious point raised on this appeal is whether the exclusion of this evidence is erroneous.

In my opinion it was clearly erroneous. The plaintiff, in order to recover special damages, must himself show as part of his affirmative case that he could not procure the claret. He did not attempt to prove the quality of the sample to which the wine was to conform, and then follow up such proof by testimony that claret of that particular quality could not be procured; but he produced testimony which was intended to show only that no California claret could be bought in the market. If no California claret could be procured in the market, then of course it would follow that no claret of the particular grade could be procured. The defendants are not required to prove affirmatively that wine of this grade could be procured; they are called upon merely to rebut the testimony produced by the plaintiff, who at all times had the burden of proof. If they proved that claret of standard grade could be procured in the market, then they would, I think, completely meet the plaintiff's proof, for then the case would present no facts from which any inference could be drawn that claret of the particular grade could not be procured. It follows that the exclusion of this evidence was erroneous. Moreover, I think that the defendants did show that wine to conform to the sample could be obtained merely by selection or blending of ordinary standard clarets.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

PENDLETON, J., concurs. WHITAKER, J., dissents.