JOSEPH LEVINE, Appellant, *v.* HOGAN-LEVINE COMPANY, Respondent.

First Department, March 17, 1922.

Bills and notes — trade acceptance — action by transferee — claim by acceptor against payee cannot be set up as counterclaim — reiteration in counterclaim of denials in defense may be disregarded.

In an action on a trade acceptance by a transferee thereof, the acceptor cannot interpose as a counterclaim a demand against the payee arising out of the transaction in which the trade acceptance was given, and this is true although the transferee may not be a *bona fide* holder for value.

While defendant's counterclaim improperly contains a reiteration of the denials set forth in the answer, these may be disregarded.

APPEAL by the plaintiff, Joseph Levine, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1921, denying his motion to sustain a demurrer to the counterclaim in defendant's answer.

*Morris M. Becher* [*Louis Jaykowsky* of counsel], for the appellant.

*Kahn & Zorn* [*Frederick Zorn* of counsel; *Joseph Kahn* with him on the brief], for the respondent.

PAGE, J.:

The action is brought on a trade acceptance, in words and figures as follows:

' Trade Acceptance.
" Date April 19, 1921
" $4809.00 /xx

" On May 19, 1921 Pay to the order of Ourselves Four Thousand Eight Hundred Nine 00 /xx Dollars

" The obligation of the Acceptor of this Bill arises out of the Purchase of Goods from the Drawer.

" Value received and charge the same to the account of
" BERNARD KARP

" to Hogan-Levine Co., Inc.
" 100 Hudson Street, N. Y. C."

On the same date the defendant wrote across the face thereof:
" Accepted HOGAN-LEVINE Co., INC.,
" JOSEPH LEVINE, Treas.
" Payable at Pacific Bank
" #120 Hudson St
" N. Y. C."

This acceptance the complaint alleges was, before maturity, duly indorsed and delivered to the plaintiff for value, and that on May 19, 1921, it was duly presented for payment at the Pacific Bank, 120 Hudson street, in the borough of Manhattan, city of New York, and payment thereof duly demanded, which was refused.

The answer sets up a defense that the transaction for which the acceptance was given was the sale of evaporated milk by Karp to the defendant and that Karp warranted the milk was United States government standard and also guaranteed same against swells, leaks and shortages and warranted the said milk fit for human consumption; that the defendant bought said milk and accepted said trade acceptance, relying upon the said representations, guaranties and warranties and believing the same to be true, without examining said milk and delivered the major part of said milk to its customers; that immediately thereafter the customers returned the milk, as of inferior quality, separated and sour and not fit for human consumption, and defendant immediately and before maturity of said acceptance notified Karp of said inferior quality of the milk, that the same was sour, separated and not fit for human consumption; that by reason thereof the consideration for the trade acceptance wholly and completely failed, and upon information and belief that the plaintiff had due notice of said facts and received said trade acceptance knowing said facts.

These allegations are then set forth as a counterclaim, and damages of $5,000 demanded. Clearly, even if the plaintiff was not a *bona fide* holder for value, this counterclaim could not be asserted

against him, for while one who is not a *bona fide* holder takes the negotiable instrument subject to all existing equities which may be set up as a defense, he does not become liable for damages sustained by reason of the breach of warranties or guaranties, or false representations made by the payee.

The counterclaim improperly contains a reiteration of the denials set forth in the answer. These may be disregarded.

The order will be reversed, with ten dollars costs and disbursements, and the demurrer to the counterclaim sustained, with ten dollars costs.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.