SANDER TILATITSKY, INC., Respondent, *v.* THE RAYMOND-HADLEY COMPANY, INC., Appellant.

Supreme Court, Appellate Term, First Department, February 10, 1926.

**Sales — remedies of buyer — action for damages arising from defendant's failure to deliver consignment of matches to be manufactured in Finland — evidence showed market price of Finnish matches never exceeded contract price — damages limited to difference between market price of Finnish matches at time of repudiation of contract and price at which matches were sold by defendant — plaintiff not entitled to recover.**

In an action for damages arising from defendant's failure to deliver a consignment of matches to be manufactured in Finland and imported by defendant to New

York city, the measure of damages should not be based upon the difference in amount between the market price of domestic matches at the time of the repudiation of the contract by the defendant and the price fixed by the contract, without regard to sale conditions and quantity, but should be limited in amount to the difference between the market price of Finnish matches at the time of the repudiation of the contract and the contract price, predicated on the same quantity and subject to the same conditions of delivery as provided for in said contract.

Since the market price never exceeded the contract price, no damages were suffered by plaintiff and no recovery can be had.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Second District, in favor of plaintiff, after a trial before a judge without a jury.

*Arthur W. Rinke*, for the appellant.

*Louis Zimmerman*, for the respondent.

DELEHANTY, J.    The plaintiff and defendant on May 23, 1925, entered into a contract for the sale by defendant to plaintiff of 2,500,000 booklets of book matches bearing the advertisement of the Durham Duplex razor and contained within 500 wooden cases, 5,000 to a case, 50 to a cardboard carton, at two dollars and seventeen and one-half cents per 1,000 booklets ex dock 66, East river, foot of Eighteenth street, delivery to be taken within time permitted by steamship company, as shown on delivery order, payment by cash upon receipt of delivery order.

The matches were manufactured in Finland and imported by the defendant, who was a dealer in matches in the city of New York. The sale was made by sample. On May 26, 1925, the defendant repudiated the contract because of certain false representations asserted to have been made by plaintiff for the purpose of inducing defendant to enter into the contract. The plaintiff in this action seeks to recover $1,000 as damages resultant from the failure of defendant to deliver the matches. Plaintiff's recovery was based upon the difference in amount between the market price of domestic matches at the time of the repudiation of the contract by defendant and the price fixed by the contract regardless of sale conditions and quantity. The evidence shows that the domestic match was of a kind entirely different from the imported match and of an inferior quality; that the sale price of matches, domestic or imported, depends largely upon the quantity sold and the terms of delivery; that at or about the time of the repudiation of the contract by the defendant there was a market price for Finnish matches for the quantity and under the conditions specified in the contract of sale, and that such matches were so purchasable in the city of New York; that at such time the market price of

Finnish matches for the quantities and under the conditions above mentioned never exceeded the contract price but was somewhat less than the price for which defendant had agreed to sell these matches to plaintiff.   Such being the evidence, the damages of the plaintiff, if any, resultant from the repudiation of the contract by defendant must be limited in amount to the difference between the market price of Finnish matches at the time of the repudiation of the contract by the defendant and the price at which they were to be sold by defendant, based, of course, upon the quantity and delivery conditions specified in the contract of sale.   (*Orester* v. *Dayton Rubber Mfg. Co.*, 228 N. Y. 134, 137; *Grand Tower Co.* v. *Phillips*, 90 U. S. [23 Wall.] 471, 480.)   As the market price, however, of such matches never exceeded the contract price, but was somewhat less at the time of the repudiation of the contract by defendant, no damages were suffered for which recovery can be had. (*Greene* v. *White*, 37 N. Y. 405; *Strauss* v. *Scott*, 59 N. Y. Supp. 826.)

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.