THORWALD H. FORSSTROM and Others, Plaintiffs, *v.* UTILITY STEEL Co., INC., Defendant.*

Municipal Court of New York, Borough of Manhattan, Fourth District,
February 20, 1928.

Bills and notes — trade acceptances — action by transferee of trade acceptance which was transferred before due — breach of contract by plaintiffs' assignor not proper counterclaim — sales — contract exempted plaintiffs' assignor from liability for delay — defendant has no cause of action therefor — date of delivery was not definitely fixed — failure to notify seller or plaintiffs to deliver in definite time prevents recovery for failure to deliver.

The plaintiffs are assignees of a trade acceptance accepted by the defendant for goods purchased from the plaintiffs' assignor. The assignment was made before the due date. The defendant cannot in this action to recover on the trade acceptance plead as a counterclaim a breach of the sales contract by the assignor of the plaintiffs.

If the counterclaim based on a failure to deliver could be asserted, the defendant could not recover thereon, since the contract of sale relieved the plaintiffs' assignor from liability for delay caused by certain specified events or by anything beyond the reasonable control of the seller and it was not shown that the delay was not so caused.

Furthermore, the date of delivery not having been definitely fixed by the contract, it was necessary for the defendant to notify the plaintiffs or their assignor that delivery must be made within a certain definite time in order to hold them liable for failure to deliver.

ACTION on trade acceptance, brought by assignees of drawer.

*Alexander & Ash* [*Edward Ash* of counsel], for the plaintiffs.

*John G. Turnbull*, for the defendant.

GENUNG, J.    Action is brought by the plaintiffs to recover the sum of $500 upon a trade acceptance, drawn by the Orbis Corporation on October 1, 1926, and accepted by the defendant on the said date, and payable on December 1, 1926.    The said trade

* Revd., 132 Misc. 409.

acceptance was presented on the said date, when it was payable, and payment was refused and had been stopped by the defendant. The said trade acceptance evidenced the amount due from the defendant to the Orbis Corporation by reason of a prior sale of steel by the said Orbis Corporation to the defendant. The plaintiffs became the holders of said trade acceptance prior to the date it was payable, December 1, 1926. The defendant has interposed as a separate defense and by way of counterclaim an allegation of damages in the sum of $2,500 for breach of contract, made on or about June 23, 1926, by which the Orbis Corporation agreed to sell to the defendant 250 tons of channels of various sizes to be shipped during the month of August, 1926, at a price of $1.80 per 100 pounds F. O. B. pier No. 2, Erie Basin, duty paid, and demands that said counterclaim be allowed against the demand of the plaintiffs, who hold said trade acceptance as assignees and former officers of the Orbis Corporation.

It is well settled that a counterclaim, such as the defendant sought to establish could not be interposed to the cause of action set forth in the complaint. (*Levine* v. *Hogan-Levine Company,* 200 App. Div. 487.) In that case Page, J., said: " Clearly, even if the plaintiff was not a *bona fide* holder for value, this counterclaim could not be asserted against him, for while one who is not a *bona fide* holder takes the negotiable instrument subject to all existing equities which may be set up as a defense, he does not become liable for damages sustained by reason of the breach of warranties or guaranties, or false representations made by the payee."

Even if the said counterclaim of the defendant could be asserted against the plaintiffs herein, the contract between the Orbis Corporation and the defendant specifically excused the Orbis Corporation for the alleged breach set forth in the answer. The contract does not call for delivery in August, 1926, but merely says: " Wanted. Shipment during the month of August, 1926." The contract contains general conditions to the effect that the sellers shall not be responsible or liable for any delay or inability to deliver, due to fires, strikes, war, civil commotions, epidemics, accidents, delays in transportation, or " to any other causes beyond their reasonable control," and that any delay in the delivery through " inability of the manufacturers to perform their contract due to causes beyond their reasonable control as mentioned in the general conditions above will likewise relieve sellers towards the buyers." Such provisions have been upheld by the courts of this State. (*Normandie Shirt Co.* v. *Eagle, Inc.,* 238 N. Y. 218; *Jones & Co., Inc.,* v. *Winter,* 209 App. Div. 76; *Mora y Ledon* v. *Havemeyer,* 121 N. Y. 179; 35 Cyc. 246.) Although it is claimed by the

defendant that the channels called for by this contract were not delivered to the defendant at any time, and that from August to November, 1926, the defendant made repeated requests for the delivery, and that some of the channels which had been ordered from Belgium were diverted to another customer at a higher price, it is not disputed that the delay in shipment from Belgium and in delivery to the defendant was due to causes beyond the reasonable control of the Orbis Corporation.

The defendant, having failed to notify the plaintiffs or their assignor that delivery must be made within a definite time, cannot claim damages for failure to deliver. (*Trainor Co.* v. *Amsinck & Co., Inc.,* 199 App. Div. 693; *Pierson & Co.* v. *American Steel Export Co.,* 194 id. 555; *Taylor* v. *Goelet,* 208 N. Y. 253.) The defendant has failed to establish its counterclaim or setoff by the proper proof of damages. (*Tilatitsky, Inc.,* v. *Raymond-Hadley Co., Inc.,* 126 Misc. 585; *O'Gara* v. *Ellsworth,* 85 App. Div. 216; *Bonelli* v. *Pisani,* 158 N. Y. Supp. 1033; *Greenberg* v. *Weintraub,* 186 id. 600.)

It follows, therefore, that plaintiffs are entitled to recover judgment against the defendant in the sum of $500, with interest as demanded, and to a dismissal of the counterclaim or setoff, with ten days stay of execution.