THORNWARD H. FORSSTROM and Another, Respondents, *v.* UTILITY STEEL Co., INC., Appellant.*

Supreme Court, Appellate Term, First Department, June 21, 1928.

**Bills and notes — trade acceptances — action on trade acceptance accepted by defendant and payable to plaintiffs' assignor — counterclaim for damages suffered by defendant for breach of assignor's contract with it proper — Civil Practice Act, § 267, subds. 1 and 2, applied.**

In this action on a trade acceptance accepted by the defendant and payable to the plaintiffs' assignor, the defendant is entitled to counterclaim, to the amount of the money demanded in the complaint, for the damages it suffered by reason of the willful and intentional breach of a contract of sale made between the plaintiffs' assignor, as seller, and the defendant, as buyer.

There was no performance or tender of performance and the plaintiffs assumed all the obligations of their assignor. Even if the latter element were not present, the counterclaim would be available to the defendant under subdivisions 1 and 2 of section 267 of the Civil Practice Act.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of plaintiffs.

The action was brought to recover the sum of $500, with interest from October 1, 1926, on a trade acceptance, accepted by the defendant, and payable to the Orbis Corporation. This trade acceptance was assigned by the Orbis Corporation to the plaintiffs on October 29, 1926. (Plaintiffs' Exhibit 1, Case on Appeal, p. 18.)

The execution, delivery and non-payment of the trade acceptance were conceded by the defendant.

The only issue involved in the case is the right of the defendant to offset — to the amount of the money demanded in the complaint — for the damages it suffered by reason of the willful and intentional breach of a contract of sale made between the Orbis Corporation, the assignor of plaintiffs, as seller, and defendant, as buyer.

*John G. Turnbull,* for the appellant.

*Alexander & Ash,* for the respondents.

PER CURIAM. *Levine* v. *Hogan-Levine Co.* (200 App. Div. 487) has no application whatever to this case. Here there was no performance, no tender of performance, and these plaintiffs assumed all the obligations of their assignor. Even if the latter element were not present, the counterclaim would be available to the defendant under section 267 of the Civil Practice Act, subdivisions 1 and 2.

---

* Revg. 131 Misc. 471.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.